## TIEDT v. CARSTENSEN ET AL.

64 131
93 723
64 131
130 416
64 131
e134 755

1. **Board of Supervisors**: ACTING IN JUDICIAL CAPACITY: NOT LIABLE FOR MISTAKE. County supervisors, in ordering the establishment of a road, act judicially, and they are not liable for mistakes honestly made.

2. **Certiorari**: COSTS: TO WHOM TAXED. Where upon *certiorari* to officers acting judicially their act is declared illegal, the costs of the *certiorari* proceeding should not be taxed against them, but against the person or persons who procured the illegal act to be done.

*Appeal from Bremer Circuit Court.*

TUESDAY, JUNE 10.

THIS is an appeal by the plaintiff from an order of the circuit court in relation to certain costs in a proceeding to establish a public road.

*M. E. Billings*, for appellant.

*Gibson & Dawson*, for appellees.

ROTHROCK, CH. J.—The amount in controversy involves less than one hundred dollars, and it appears from the certificate authorizing the appeal that the defendants, who are members of the board of supervisors, made an order establishing a highway, in pursuance of a petition presented to them for that purpose. The plaintiff sued out a writ of *certiorari*, and claimed by said proceeding that the order establishing the highway was void. The circuit court determined that the order was illegal, because the board acted without proper notice of the pendency of the petition. The costs of the *certiorari* were taxed to the board of supervisors. A motion was made by the members of the board to retax the costs. The motion was sustained, and it was ordered that the costs be not taxed to the individuals composing the board, and that they be taxed to the petitioners for the road.

The question certified to us involves the correctness of the ruling of the court in retaxing the costs. It cannot be doubted that the board, in determining the question as to the sufficiency of the notice, and the propriety of establishing the road, acted in a judicial capacity. It is not shown that in making the order upon an insufficient notice they acted corruptly or willfully wrong. It will, therefore, be presumed that the wrong done was a mere mistake of judgment, honestly made. It has never been held by any court, so far as we are advised, that an officer acting in a judicial capacity is personally liable under these circumstances. See *Jones v. Brown*, 54 Iowa, 74, and cases there cited.

We think the order taxing the costs to the petitioners for the road was correct. They bore the relation of plaintiffs to the proceeding to establish the road. They procured the erroneous order to be made, and should be responsible for the costs. It is said that they are not parties to the record in the *certiorari* proceeding. It is true that, in all *certiorari* proceedings, the cause is nominally against the board, officer or judge, whom it is alleged has exceeded lawful jurisdiction. But it would be an unheard of proceeding to tax costs in such cases against the officer, where the excess of jurisdiction arises from a mere honest mistake of judgment. The costs in all such cases should be taxed against the party who is responsible for the illegal act by procuring it to be done. We find no error in the order of the circuit court.

AFFIRMED.