Scott v. Lasell et al.

## SCOTT v. LASELL ET AL.

1. **Highway:** ESTABLISHMENT: ALLOWANCE OF DAMAGES: APPEAL: WHEN TRIABLE. Where a claimant of damages caused by the establishment of a highway gives notice, twenty-one days prior to the next term of the circuit court, of an appeal from the allowance made by the supervisors, the appeal is triable at that term, and he cannot delay such trial by neglecting to file notice of the appeal in the auditor's office for so long a time that the auditor, taking the ten days allowed him by statute to prepare a transcript, does not get it on file in the clerk's office until after the opening of the term.

2. ———: ———: ———: ———: PAYMENT OF FILING FEE. In such case, the appellant must pay to the clerk the fee for filing the transcript and docketing the case, although the costs of the appeal must, in the end, be paid by the petitioner for the road, or by the county. (Code, § 963.)

3. ———: ———: ———: ———: FAILURE TO HAVE CASE DOCKETED. Such an appeal is a "civil case" within the meaning of a rule of practice which provides that in appeals from justices' courts, or other inferior tribunals, in civil cases, if the appellant fails to pay the filing fee and to have the appeal docketed by noon of the first day of the term, the appellee may pay the fee and have it docketed, and may thereupon have the judgment below affirmed.

4. ———: ———: ———: ———: WAIVER OF FILING FEE. In such case, where the appellee's right to an affirmance had already accrued, it was of no avail to show that appellant caused the transcript to be filed on the third day of the term, and that the clerk then waived the payment of the filing fee.

*Appeal from Shelby Circuit Court.*

WEDNESDAY, MARCH 9.

THE plaintiff is a claimant of damages caused by the establishment of a highway through his land. The board of supervisors allowed him $260. From the order he appealed to the circuit court, but did not pay the filing fee by noon of the first day of the next succeeding term, and, on motion of the defendant, the court affirmed the order of allowance, and from that ruling the plaintiff appeals.

*Smith & Cullison*, for appellant.

*Beard & Myerly*, for appellees.

ADAMS, CH. J.—The rule of practice under which the motion was sustained is in these words: "In appeals from

Scott v. Lasell et al.

justices' courts or other inferior tribunals, in civil cases, the appellant shall cause the case to be docketed, and the docketing and filing fee to be paid by noon of the first day of the term to which the case is returnable, and, in case of his failure so to do, the appellee may pay such filing fee, and have the case docketed, and will thereupon be entitled to have the judgment below affirmed, or to have the case set down for trial on its merits, as he may elect."

I. The notice of appeal in this case, it appears, was served on the twenty-ninth day of September, 1885. The next term of court commenced October 20, 1885. The first question presented is as to whether the case was returnable, within the meaning of the rule, to that term. The plaintiff insists that it was not. There does not appear to be any express provision as to the time which should elapse between the service of notice of appeal and the first day of the term at which the case should be deemed triable. But, following such analogies as we have, we think it should be at least ten days. In this case the time was twenty-one days. Notice of appeal, however, was not filed in the auditor's office until October 10th, and by statute he had ten days after that in which to make out and file in the clerk's office a transcript. The last day of the time within which he should file the transcript was the first day of the term, and the appellant's position is that, where the transcript is not due from the auditor, and is not in fact filed, as in this case, until after the commencement of the term, the case could not be deemed triable at that term. But, in our opinion, the appellant's position cannot be sustained. The notice of appeal might have been filed with the auditor several days sooner than it was. The appellees, when they were served with notice of appeal, were bound to assume that the case would be ready for trial at the next term, and govern themselves accordingly. They ought not to be affected by the appellant's neglect. If his position were correct, he would have the power to post-

*1. HIGHWAY: establishment: allowance of damages: appeal: when triable.*

pone the trial of the case indefinitely, and the appellees would be obliged to hold themselves in readiness in the meantime. Having served the notice of appeal in time for trial at the next term, it was the duty of the appellant to file the notice with the auditor in time to allow a transcript to be filed for that term.

II. It is said, however, that the court erred in affirming the order of allowance for want of payment of the filing fee, because the appellant in such proceedings is not chargeable with the costs of an appeal. It is true that the statute provides that the cost occa- sioned by an appeal in such proceedings must be paid by the petitioner for the highway of the county. Code, § 963. But neither the petitioner nor county can be made to pay the cost until the appeal has been determined, and the cost· has been adjudged. The clerk in the meantime is, we think, entitled to be paid. We think that the filing fee should be advanced by the appellant, and that it is enough for him that, under the statute, he is entitled to be reimbursed.

2. ——: ——: —————: ——— : payment of filing fee.

III. Another position taken by the appellant is that the rule of practice is not applicable, because the board of supervisors, from whose order of allowance an appeal was taken, is not a tribunal, and because the proceedings in which the appeal was taken cannot properly be denominated a "civil case," within the meaning of the rule. But the order of allowance was made in the exercise of a judicial function, and it appears to us that the board of supervisors, in exercising such function, may properly enough be called a "tribunal." We think, also, that the proceedings, though of a special character, are a civil case, within the meaning of the rule.

3. ——: ——: —————: ——— failure to have case docketed.

IV. Finally, it is said that the evidence shows that the payment of the filing fee was waived. The plaintiff's attor- ney filed an affidavit showing that, when he filed the transcript on the third day of the term, he told the clerk to docket the case, and he would

4. ——: ——: —————: ——— : waiver of fil- ing fee.

pay the filing fee, and that the clerk said, "all right." But the appellees' right to an affirmance had already accrued, and they were not under obligation to watch the case longer.

We think that the motion for an affirmance was properly sustained.

AFFIRMED.