93   721
130   421

LEONARD EVERETT, Executor, Appellant, v. THE BOARD OF SUPERVISORS OF POTTAWATTAMIE COUNTY, et al.

**Practice: PARTIES.** A county board of supervisors is not a proper party to a collateral proceeding to test the validity of a highway established by it.

**VENUE.** Such an action is a personal one, and if brought in the Council Bluffs session of the district court, where the action arises, and all remaining defendants live in the Avoca district, it should, after residents of the Council Bluffs district have been dismissed, be dismissed as to those residing in the Avoca district, with compensation, under Code, 2587.

**CONSTRUCTION.** Code, 2587, allowing compensation if suit be brought in the wrong court, is not penal.

DEEMER, J., took no part.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

TUESDAY, FEBRUARY 5, 1895.

The petition shows that the plaintiff is the executor of the will of Horace Everett, deceased; that Horace Everett owned the northwest quarter of section two, township seventy-four, range forty, west; that the defendant board established a "consent road" or public highway over and across said land, without the consent of said Horace Everett, upon the consent of other parties, as to their lands, and that no damages were paid to said Everett. The defendants, other than the board of supervisors, are the trustees of the township and the road supervisor of the district in which the land is situated. It is averred that they propose to permanently open and work said public highway unless restrained, and there is a prayer that the defendants be enjoined from opening the road, and that the proceeding

leading to the establishment of a road be declared void, and that the road be vacated. The action was brought in the District Court at Council Bluffs, and the defendant trustees and supervisors filed a motion to transfer the cause to the District Court at Avoca, the parties and the subject matter of the action being in that jurisdiction. The defendant board of supervisors filed a general demurrer to the petition, which the court sustained, and the plaintiff having elected to stand on his petition, the cause was dismissed as to the board of supervisors. Thereafter the court overruled the motion to change the place of trial to Avoca. Afterwards a motion was filed by the trustees and supervisors to dismiss the action as to them, which motion the court sustained, and allowed such defendants twenty dollars as fees and expense for defending in the wrong court. The plaintiff appealed.—*Affirmed.*

*B. W. Hight* and *Leonard Everett* for appellant.

*John P. Organ* and *Frank Shinn* for appellees.

Granger, J.—I. We are first to determine the correctness of the court's action in sustaining the demurrer to the petition. The only object of the board of supervisors as a party must have been to have a party in court, so that an issue might be made whereby the court could acquire jurisdiction to determine the legality of the road, and, if not legally established, to enter a judgment vacating it in accordance with the prayer of the petition. It is not, and we think would not be, claimed that the other parties were proper or necessary for such a purpose. It is, then, a question whether the plaintiff can maintain such a suit to obtain a decree vacating a highway that, by the records of the county, seems to be established. The proceeding, so far as we are informed, is entirely new.

After a careful examination of the question, we reach the conclusion that the demurrer was rightly sustained. It is not a necessary remedy for the protection of a legal or equitable right and a consideration of public policy is against opening the door for making the board of supervisors a party to settle doubtful questions as to the establishment of highways at the instance of a party feeling himself aggrieved. The action of the board of supervisors in the establishment of highways is largely judicial. In *Scott v. Lasell*, 71 Iowa, 180, 32 N. W. Rep. 322, a proceeding for the establishment of a highway is held to be, though of a special character, "a civil case." The conclusions and orders in these cases are recognized and treated as judgments for many purposes. The board is so far the arbiter between the petitioners on the one hand and the contestants or claimants on the other that in a suit to settle the validity of its proceedings it should no more be made a party than should a court be made a party to determine the legality of its proceedings. For such a purpose special proceedings are authorized as to courts, and the same proceedings are authorized to test the legality of the proceedings of a board of supervisors in establishing a highway. *McCrory v. Griswold*, 7 Iowa, 248; *Tiedt v. Cartensen*, 61 Iowa, 334, 16 N. W. Rep. 214; Id. 64 Iowa, 131, 19 N. W. Rep. 885. Such proceedings are common in our practice. If the proceedings for the establishment of the highway in question are void, as claimed, no proceeding is necessary to vacate it, but, like any other void proceeding, it is of no force; and the usual proceedings against the officers who would carry into effect the order of establishment give to the party aggrieved ample relief. Such a remedy seems to have been coupled with the action against the board of supervisors.

II.   We are now to consider the question arising upon the order of the court in dismissing the action as to the trustees and the supervisor.   By the Laws of 1884, c. 198, the county of Pottawattamie is divided into two parts for judicial purposes, the part east of the west line of range forty being within the jurisdiction of the courts held at Avoca, and that west of said line within the jurisdiction of courts held at Council Bluffs. The act confers on the court at Avoca original and exclusive jurisdiction of all civil causes "arising in the territory" east of said range.   This cause, including the persons and the subject-matter, arose in said territory, except as to the members of the board of supervisors. We suppose that, without the board as a party, it would not be thought that the action could be brought in the court at Council Bluffs, for the express language of the act seems to be against it.   We need not consider the proper venue of the cause with the board as a party, for we have determined that it was not a proper party, and this question must be treated as if the suit had been originally only against the trustees and the road supervisor. · The motion to dismiss as to these parties is based on Code, sections 2586, 2587.   In the first-cited section it is provided: · "Except where otherwise provided herein, personal actions must be brought in a county wherein some of the defendants actually reside."   The next section is as follows:   "Where an action embraced in the preceding section is against several defendants, some of whom are residents and others non-residents of the county and the action is dismissed as to the residents,   *   *   * such non-residents may, upon motion have said cause dismissed with reasonable compensation for trouble and expense in attending at the wrong county." 'Appellant's claim is that the cited statute makes provision only for personal actions, and that this is not

such. We think, with the present status of the case, it is a personal action. The term "personal action," in the statute, is used to distinguish from actions *in rem.* Such actions are "against the thing, in contradistinction to personal actions," which are against the person. A judgment with the parties as now constituted would not, in a legal sense, be against the highway, but against the trustees and supervisor, commanding them not to open the highway. Such a judgment would, of course, be based on the fact that the highway had not been legally established, but the fact would be merely incidental to the judgment against the persons. Rights in personal actions are generally as to property or things, and involve findings of fact as to such property or things, but the judgment is against the person, determining liabilities or rights of the person. The judgment as to the present defendants would determine their right to act, and, in legal effect, grant or deny such right. The enforcement of the judgment, if entered against the defendants, would affect them, and not the property, except incidentally. Such an action is purely personal.

III. The District Court allowed twenty dollars for "attorney's fees and expenses for attending at the wrong court." Complaint is made of this, and it is said that the statute is penal, and should be construed strictly. We do not view it as a penal statute, but compensatory only. It simply gives, where a party is brought into a wrong court, an actual return for his trouble and expense. It is said that the record shows that the amount claimed was not expended. There is an affidavit in support of the claim and one against the claim. The condition of the record is not such as to warrant us in disturbing the finding. The judgment is *affirmed.*

Deemer, J., took no part.