[No. 7214.]

BLUNCK V. STRACHAN.

The only question involved being one of fact, and the judgment below not being at variance with the evidence, judgment affirmed.

*Error to Larimer District Court.*—Hon. H. P. GAMBLE, Judge.

Mr. FRED W. STOW and Mr. FRANK L. MOORHEAD, for plaintiff in error.

Messrs. RHODES & TEMPLE, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was brought by the plaintiff in error to restrain the defendant in error from allowing more than a certain amount of seepage waters to flow through a tile drain upon, into and through the plaintiff's land and to recover certain alleged damages claimed to have been occasioned upon account of the defendant's acts in this respect. Trial was to the court. The injunctive relief prayed for was denied, and judgment was entered in favor of the defendant dismissing the bill, and for his costs. The plaintiff brings the case here for review upon error.

It appears that the lands of the plaintiff are situate below a certain portion of the lands of the defendant and others; that there is a kind of a depression through the plaintiff's land in which a tile drain had theretofore been constructed, under

some kind of an arrangement whereby the defendant and others had the right to run a certain amount of seepage water into the same through the lands of the plaintiff. The main contention is whether the evidence sustains the findings of the court, which held that the only matter to be determined was whether the defendant was running onto the land of the plaintiff a greater amount of water than was contemplated in the agreement between the parties; concerning this the court said:

"The testimony as to these matters is not convincing to my mind as to the cause of the seepage on plaintiff's land last year. * * * the evidence shows that the defendant put in some additional tile on his land, but as to whether or not that was the cause of the seepage appearing on the plaintiff's land, I am not convinced. The 10-inch tile on the plaintiff's land is carrying drainage waters from other adjacent lands, and it may be that the increased water last year came down through their drain tile; and until the plaintiff can show that the defendant is carrying a greater amount of water onto his land than was contemplated in their original agreement, I think the defendant should not be enjoined, or the damage through loss on the three acres last year assessed against this defendant."

We have carefully read the entire record and in addition to the court's statement above quoted we find that there is evidence to show that there were some very heavy rains during the *period* of this seepage which might have increased the amount. Likewise, that there is a reservoir somewhere in the neighborhood which may have had a tendency to have increased the underflow in a portion of this entire neighborhood, neither of which the defendant could be held responsible for. The evidence entirely fails to show the amount of seepage which was turned onto the plaintiff's land from other adjacent lands not belonging to the defendant, the owners of which had the right to run a certain amount of seepage waters into the drain tile upon the lands of the plaintiff. It also fails to show the amount coming from the defendant's drain. The

trial court seems to have taken the position that there was not only a conflict of evidence, the preponderance of which was in favor of the defendant, but that there was, as well, a lack of evidence upon behalf of the plaintiff in error to sustain his contentions. After giving it careful consideration we find nothing which would justify us in saying that he was not correct in both respects.

The judgment is affirmed.      *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.