[Civil No. 1254.   Filed May 21, 1913.]

[132 Pac. 566.]

JOHN H. GANNON, Appellant, v. J. P. HOHUSEN, C. H. BAYLESS and C. F. RICHARDSON, Members of the Board of Supervisors of Pima County, Territory of Arizona, and G. L. SMITH, County Superintendent of Roads of Said County, Appellees.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—IMMATERIAL RULINGS. Where the complaint, in an action against a county board of supervisors and the superintendent of roads as officers and individuals for injury to land in opening a road, alleged the invalidity of the order laying out the road, and the answer merely alleged that the

road was opened at the request of plaintiff and pursuant to contract made between plaintiff and the board of supervisors, rulings having reference solely to the procedure before the board of supervisors were on immaterial issues and would not be reviewed on appeal.

2. COUNTIES — CONTRACTS — POWER OF BOARD OF SUPERVISORS. — The board of supervisors of a county may make certain contracts for the county, but the county is the contracting party, and the board is the mere agency through which the county acts.

3. COUNTIES — BOARD OF SUPERVISORS — CIVIL LIABILITY. — The county board of supervisors possesses concurrent jurisdiction with the superior court in laying out a public road, and the members thereof are not civilly liable for injury arising from erroneous orders made by the board in laying out and opening a public road.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Tom K. Richey, for Appellant.

Mr. G. P. Bullard, Attorney General, for Appellees.

CUNNINGHAM, J.—This action was commenced by the appellant against the defendants to recover damages alleged to have been suffered by appellant from the opening of a new road over the homestead claim of appellant. The defendants J. P. Hohusen, C. H. Bayless and C. F. Richardson are alleged to be members of the board of supervisors of Pima county; and defendant G. L. Smith is alleged to be the county superintendent of roads in said Pima county. It is alleged that the board of supervisors and county superintendent of roads opened up the road, acting under a void order of the board, and opened the road on a line different from the line designated in that order, and in so opening the road plaintiff's fence was torn down and removed, and plaintiff was dispossessed of a strip of land, and the timber and other growth on his lands were cut and removed; all of which resulted in damages to the plaintiff in the sum of $300. The relief demanded is the possession of the land appropriated, damages and costs, and an order restraining defendants and any other

persons from asserting any easements over, or other right in, plaintiff's land, and general equitable relief.

Defendants admit they hold the official positions alleged;. deny plaintiff's ownership of the land; admit making the orders, matters and things leading up to and including the opening of the road; and as new matter allege that the road was so opened at the request of, and on the proposal from, and in pursuance to an agreement with, the plaintiff. It is averred that the board, pursuant to such agreement and request, "did construct the road and declare the same to be for the public benefit"; and they deny that plaintiff was damaged thereby. They further answer, denying each and every allegation contained in the complaint. The cause was tried to the court without a jury, and a judgment was rendered "that plaintiff take nothing by his action," and that defendants recover costs.

Plaintiff made a motion for a new trial upon the grounds that the court erred in rejecting evidence offered by plaintiff tending to show that the residence of the signers of the initial road petition was within the corporate limits of the city of Tucson, and that the court erred in ruling that persons who pay a property tax are road taxpayers so as to qualify such persons to sign a valid petition to lay out and open a public road, and in ruling that section 6 of chapter 63 of the Laws of Arizona of 1909, providing for road taxes, is a valid law, and in ruling that the burden of proof was on plaintiff, under the pleadings, to prove by a preponderance of evidence, or at all, that the road was not opened upon the proper line. The motion was denied, and the plaintiff gave notice of appeal from such order refusing a new trial, and perfected such appeal by filing an affidavit in lieu of a bond. The appellant assigns error upon all grounds alleged for a new trial, except the last mentioned.

The evidence offered and rejected and the order of the court complained of in the motion for a new trial and in the assignments of error, all bear upon the question whether the board of supervisors had acquired jurisdiction of the subject matter, authorizing the board to make the orders laying out and opening the road in question. The plaintiff has endeavored to assert a cause of action against the defendants as officers

and as individuals for an injury to his lands and in his complaint has anticipated the defendants will justify their action in the premises by pleading an order of the board of supervisors of the county, laying out a public road over the premises, and setting forth the fact that the appraisers reported no damages suffered by appellant; and, to meet that defense, plaintiff has in his complaint included matters in reply thereto, asserting that such orders and proceedings by the board are void for want of jurisdiction and without effect as a defense to this action. The confusion arises from the fact that the defendants did not assert the defense anticipated, but they defended upon the grounds that the plaintiff requested, proposed and agreed that the road of a certain width and length upon a certain line be laid out and opened under certain conditions, and that all these conditions were met by the board in pursuance of the request, proposition and agreement.

The special answer raised a question of estoppel by contract, and did not rely upon the procedure before the board of supervisors to open the road in exercise of the powers of eminent domain, specially vested in the board by paragraph 3972, Revised Statutes of Arizona of 1901. The defendants did not attempt to rely upon the validity of the orders of the board to justify their actions opening the road. The procedure of the board leading up to and making the orders complained of was not put in issue; neither were the orders made controverted. The special defense set forth in the answer in effect confessed and avoided the allegations of the complaint. The answer alleges that the road was opened by the defendants at the request of the plaintiff and pursuant to a contract made between the plaintiff and the board of supervisors. It further alleges that defendants constructed the road "and declared the same to be for the public benefit." They deny that plaintiff has suffered any damages from the acts of the defendants in the premises. The issues raised by the pleadings are whether the parties contracted to open and construct the road on the line it was actually opened and constructed; and, if so, has such contract been performed according to its terms? The question whether the board of supervisors, as such board, has the power to make a contract to lay out and construct a public road under the circumstances in this case

is not raised; nor is such question decided. We specifically
reserve the decision of such question until it is before us.
The defendants, as individuals, certainly have the right to
make such a contract, and we are considering this case upon
that theory.

The board of supervisors may make certain contracts for
their county, but in such case the county is the contracting
party, and the board is the instrumentality through which the
county must act. The county is not a party to this action,
and therefore the defendants, members of the board of super-
visors, must be considered as present in their individual
capacity.

No civil liability would arise against the members of the
board of supervisors for injury arising from erroneous orders
made by the board of supervisors laying out and opening a
new public road. In so acting the board is a tribunal pos-
sessing concurrent jurisdiction with the superior court over
the subject matter; and the members of the board are no more
liable to a civil action for errors committed in the disposition
of such matter, than the judge of the superior court would
be liable for an error of judgment in a like case prosecuted
under title 21, Revised Statutes of Arizona of 1901. *Everett*
v. *Board of Supervisors*, 93 Iowa, 721, 61 N. W. 1062.

No errors are assigned upon the rulings of the court relating
to the issues in the case. The matters complained of have
reference solely to the procedure before the board of super-
visors under paragraph 3972, Revised Statutes of Arizona of
1901, and therefore bear upon immaterial issues. The rulings
of the court complained of could work no injury to the appel-
lant. We have found no reversible error in the record, and
the appellant has pointed out none.

Therefore the order refusing a new trial is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

---

NOTE.—As to the liability of county boards and officers for mis-
feasance or nonfeasance in connection with streets and roads, see note
in 95 Am. St. Rep. 81.