Morgan, J.
The appellee, Norell, brought this suit in the Larimer district court, March 29, 1909, alleging that he was the owner of certain duly adjudicated water rights, and sought by this suit to enjoin the taking of part of the water so appropriated that he turned and permitted to flow from his lands and ditches into the channel of a certain creek, alleged to be used as a ditch by him, to convey all such water to a point further down the creek, where he recaptured it and was applying it upon other lands belonging to him, and, incidentally, to have his right to so use such water determined as to the defendant, Sorenson, charging him with taking, and that he would con *471 tinue to take, these waters from the channel aforesaid for use on his own lands. Plaintiff asked damages also to his crops caused by such taking. The defendant admits the decreed appropriations of plaintiff, but denies his ownership of the waters that were permitted to flow as alleged into said creek; and claims the right to take said water out of the creek by reason of an appropriation duly adjudicated to a certain ditch that he has taken out, the headgate of which is above the point of diversion where the plaintiff takes out of said channel the water alleged to be recaptured by him. Defendant filed a Gross-complaint, also, asking that his title to said waters be quieted. Plaintiff in reply denies, generally, but admits the decree for defendant’s ditch.
At the close of the trial the defendant withdrew his cross-complaint and the court'gave judgment against the plaintiff on his claim for damages and assessed the costs of the suit against him, but gave him judgment for all of the water which he intended to retake for a beneficial use] so turned from his lands and ditches into said channel; and incorporated in the judgment an order perpetually enjoining the defendant from taking any of the said water out of the creek after the plaintiff had, as directed in the judgment, or by some other practical device, measured the water that belonged to him which he turned into said creek.
It appears from the evidence that the principal contention in the case, raised by the pleadings and disclosed by the testimony, arises over the ownership of, and the right to use, the water so alleged to run into said channel from plaintiff’s lands and ditches; the plaintiff contending that he is entitled to all of it when recaptured further down the creek, the defendant contending that but a small portion thereof had ever been recaptured, and that the remainder is waste water, abandoned by the plaintiff, and which he, the defendant, is entitled to take out of *472 said creek into liis own ditch, according to its decreed appropriation. This was the issne that was tried, and the withdrawal of the cross-complaint at the close of the testimony did not change said issue, but only resulted in withdrawing defendant’s prayer to have his title quieted. This issue as to the ownership and right to use this water might have "been joined by more complete and appropriate pleadings; yet, the case was tried, as though the pleadings were so drawn, and the court and the parties tried this and no other issue. Therefore, appellant’s contention that the judgment is wholly outside of the issues joined by the pleadings is without merit. That part of the decree, however, giving to plaintiff all of said water after measurement, and enjoining defendant from taking any of it, is not the law applicable to the issues, as the plaintiff is only entitled to such amount thereof as he may measure, recapture and actually apply to a beneficial use, after he causes it to flow into said channel, due allowance being made for loss in transit from the point of measurement to the point of recapture; and that which is not so applied, so long as the plaintiff continues to turn such water into the channel, may be distributed among the other appropriators on said creek, according to their priorities. — La Jara, etc., Assn. v. Hansen, 35 Colo., 105-9, 83 Pac., 644; Burkhart v. Meiburg, 37 Colo., 187, 189, 190, 86 Pac., 98, 6 L. R. A. (N. S.), 1104, 119 Am. St., 279.
The lower court did not make any adjudication as to any water that had, or might hereafter, waste, seep or percolate into said creek from the plaintiff’s lands, nor as to any unmeasured water that might thereafter escape from plaintiff’s lands or ditches, but limited its findings and decree to a determination of the ownership of and right to use the water turned into said creek with the intention to. retake and apply to a beneficial use, and this opinion is so limited.
The evidence discloses no 'attempt to establish any *473 right to injunctive relief, the court made no findings in relation thereto, and, recognizing no present right to such relief, granted it to take effect subsequent to the measurement by the plaintiff. Under these circumstances, such relief is unnecessary. Injunction operates in personam, and a court of equity will not lend its aid by injunction for the enforcement of a right or the prevention of a wrong, in the abstract, without proof of a well-grounded apprehension of immediate or future injury.— 1 High on Injunctions, sec. 1-7; 1 Joyce on Injunctions, sec. 17 et seq.
The judgment of the lower court*is therefore affirmed with directions to modify the judgment so that the plaintiff may be decreed to be the owner and entitled to the use of so much of the water turned into said creek by him as he may measure, recapture and actually apply to a beneficial use, due allowance being made for loss in transit from the point of measurement to the point of recapture; and so that no injunctive relief be granted at this time. Costs of this court to be borne by the parties equally.

Judgment Modified and Affirmed.