## No. 11,790.

### NEWLAND, ET AL. v. FROST, ET AL.

Decided January 9, 1928.   Rehearing denied February 6, 1928.

Action to enforce agreement and for injunction. Judgment for plaintiffs.

### *Affirmed.*

1. APPEAL AND ERROR—*Record.* Affidavits not made a part of the record by bill of exceptions will be stricken on motion.

2. VENUE—*Change.* There was no error in denying a motion for change of venue on the ground that defendants were nonresidents of the county, where from the allegations of the complaint it appeared that one of the defendants did reside in the county where the action was commenced.

3. Appeal and Error—*Pleading.* Objections, on the ground of inconsistency of the pleadings, not raised in the trial court, will not be considered on review.

4. Pleading—*Complaint.* In an action to compel the performance of an agreement to pay ditch stock assessments, complaint held to state a cause of action.

5. *Amended Complaint.* An amended complaint which merely adds evidentiary matter to the original, is not bad, where the original stated a cause of action.

6. *Amended Complaint—Motion to Strike.* Where an amended complaint sets out allegations which are material as to one of the defendants, it would be error to strike the whole pleading.

7. *Complaint.* A complaint against a ditch company which states that the company agreed not to enforce payment of assessments on plaintiff's stock, and that it was about to sell the stock for the assessments, held to state a cause of action.

8. *Supplemental Complaint.* Under the facts disclosed it is held that a supplemental complaint was not abandoned.

9. Judgment—*Default—Setting aside.* Where a default judgment was entered in March and motion to set it aside filed the following January, excuse for the delay being an oral stipulation for an indefinite time to answer, refusal of the trial court to set aside the default not disturbed on review.

10. Stipulations—*Oral.* Courts will not enforce oral stipulations.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. Sherwin & Hungerford, Mr. Charles H. Smith, for plaintiffs in error.

Mr. W. B. Price, Mr. Hildreth Frost, for defendants in error.

*Department One.*

Mr. Justice Denison delivered the opinion of the court.

THE defendants in error move to strike out of the transcript and abstract certain affidavits said to have been presented to the court below, because they are not in any bill of exceptions. The motion is good.

Plaintiffs in error ask us to consider these papers because they were considered by the district court, but unless matters not of record are made a part thereof by bill of exceptions, we cannot know that they were considered by the trial court.

It is claimed that a motion to change the place of trial from El Paso to La Plata county, which was made on the ground that plaintiffs in error were residents of the latter and served there, should have been granted, because Clark, the only defendant resident in El Paso, was not a proper party. The complaint, however, alleges a contract between Clark and Newland of the one part and plaintiffs of the other and a breach thereof. The denial of the motion then was not an error. *People v. County Court,* 72 Colo. 395, 211 Pac. 102. In addition it must be noted that the affidavits showing residence of Newland and the defendant company have not been made a part of the record by bill of exceptions. *Burton v. Snyder,* 21 Colo. 292, 40 Pac. 451; *Phoenix Indemnity Co. v. Greger,* 39 Colo. 193, 196, 88 Pac. 1066.

A supplemental complaint was filed which plaintiffs in error now say states a cause of action inconsistent with that stated in the original, but no such objection was made in the trial court.

It is claimed that the complaint states no cause of action against Newland; but it alleges that he agreed to find some one who would pay the assessments on the ditch stock, which is the subject of the action, or pay them himself; that they were unpaid, and that the stock was about to be sold for nonpayment thereof. This states a cause of action.

It is claimed that the amended complaint states no cause of action because it merely adds evidential matter to the original, a demurrer of the ditch company to which

had been sustained; but we think the original was good; such additions, then, would not make it bad and so we cannot reverse on this ground. They moved to strike the amended complaint for the. above reason, the motion was denied and this is claimed to be error, but there were additions which were deemed material with reference to the defendant corporation, and so to strike the whole would have been error. There was no motion to strike the evidential matter.

It is claimed that the amended complaint states no cause of action against the defendant company. The substance of the complaint was that the company had agreed, inter alia, not to enforce payment of assessments on plaintiffs' stock and that they were about to sell it for that purpose. Here was a cause of action.

Separate demurrers by Newland and the defendant company to the original complaint and supplemental complaint were overruled as to Newland and sustained as to the ditch company and the plaintiffs then filed an amended complaint which, it is claimed, did not contain the matter of the supplemental complaint. Plaintiffs in error say that therefore the supplemental complaint was abandoned, yet, upon failure to answer the amended complaint, the court granted relief demanded by virtue of the supplemental complaint. It appears, however, that when the amended complaint was filed the supplemental complaint was amended by interlineation, we think, therefore, that the supplemental complaint was not abandoned.

The judgment herein was rendered by default and the denial of a motion to set it aside is assigned as error. When the demurrers to the amended complaint were overruled, January 25, 1926, defendants had fifteen days to answer. The judgment for failure to answer was entered March 1st. They did not move to set it aside till January 10, 1927. They claim as an excuse for this an oral agreement with plaintiffs' attorneys that they should have an indefinite time to answer, that they did not know

of the judgment till December 22nd, and so say that the
default should have been set aside, but courts cannot
enforce such agreements. *Mogote-Northeastern Co. v.
Gallegos,* 69 Colo. 221, 193 Pac. 670.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and
MR. JUSTICE SHEAFOR concur.