## No. 19,679.

CITY AND COUNTY OF DENVER *v.* GLENDALE WATER AND SANITATION DISTRICT.

(380 P. [2d] 553)

Decided March 25, 1963.    Rehearing denied April 22, 1963.

Mr. DONALD E. KELLEY, Mr. EARL T. THRASHER, for plaintiff in error.

40

Messrs. CRANSTON and ARTHUR, Messrs. SHIVERS, BANTA and McMARTIN, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE FRANTZ delivered the opinion of the Court.

WHATEVER may form the foundation of its claim for relief, in final analysis this is a suit brought by Denver against Glendale Water and Sanitation District (designated herein as the "Sanitation District"), seeking to enjoin the latter from continuing with the construction of a sewage disposal plant, on the ground that, when it becomes operational, it will deposit sewage, filth, waste and unwholesome matter in the channel of Cherry Creek, to be carried by that stream through Denver. A judgment adverse to Denver is attacked here by writ of error.

As grounds for reversal Denver maintains (1) that the order for change of venue from the City and County of 'Denver to Arapahoe County was erroneously made, and (2) that the entry of a judgment in favor of the Sanitation District and against Denver was contrary to the evidence and the law applicable thereto.

Denver had instituted its suit for injunction in the district court of Denver and forthwith the Sanitation District had applied for a change of venue, relying on subsections (a) and (c), Rule 98, R.C.P. Colo., for support of its motion. The Sanitation District maintained that it was a utility within the meaning of subsection (a), and that it was a resident of Arapahoe County, where its office and property were located, and in which it would solely conduct its business, and where it was served with process, within the language of subsection (c).

It was the position of Denver that subsection (a) placed venue in the district court of Denver, pinning its

argument upon the italicized language of subsection (a) following:

"All actions *affecting property,* franchises, or utilities shall be *tried in the county in which the subject of the action, or a substantial part thereof, is situated."*

Since Cherry Creek and its bed and banks are the property alleged to be affected by Denver's suit, and the creek flows past Glendale to and through Denver, the latter contends that the action was properly commenced in the Denver district court.

We are convinced that, under both subsections, the venue of the action was appropriately changed to Arapahoe County. And Denver can find no solace in the language of Rule 98 (a) upon which it relies.

The Sanitation District is organized to serve the sewer needs of the inhabitants of the Town of Glendale. Its sewage disposal plant will be located wholly within the confines of the town. Service of process was made upon the Sanitation District in Arapahoe County.

Is the Sanitation District a utility? By virtue of the language employed in *City of Englewood v. City and County of Denver,* 123 Colo. 290, 229 P. (2d) 667, we hold that the Sanitation District is a municipal utility. Being such, it should have been sued in the county in which it was located. Rule 98 (a), R.C.P. Colo.

And under Rule 98 (c), the suit should have been commenced in Arapahoe County. In ascertaining the venue of an injunctive proceeding, the court should probe for the primary purpose of the suit. If the suit for injunction is not ancillary — and in this case it is not —, and if the decree sought would operate as a restraint upon the person, it is clearly an action in personam. *Kirby v. Union Pac. R.R. Co.,* 51 Colo. 509, 119 Pac. 1042, Ann. Cas. 1913 B, 461; *Sorenson v. Norell,* 24 Colo. App. 470, 135 Pac. 119; *Everett v. Board of Sup'rs of Pottawattamie County,* 93 Iowa 721, 61 N.W. 1062.

There is no merit in the contention of Denver that this is an action affecting property. The nature of the suit, and of the decree demanded, remove it from the ambit of the language of the rule to which Denver resorts. *Kirby v. Union Pac. R.R. Co.*, supra. At best, property is indirectly affected. But that is not sufficient to establish venue for a suit affecting property.

When Denver asked that the court enjoin the further construction of the sewage disposal plant, in order to prevent the contamination of the waters of Cherry Creek after the plant became operative, any decree of the court pursuant to such complaint would act upon the builder of the plant. Cessation of the construction of the plant by the builder was the objective of the suit. If the trial court ordered the builder to cease construction, such order, of course, would indirectly affect the sewage disposal plant.

Concerning Denver's contention, we merely state that the property immediately indirectly affected, in the event a decree would be entered ordering the builder to cease construction, would be the sewage disposal plant. Denver, on its own theory, would only be affected if the plant were built, which would be one step farther removed, and in this respect Denver's position becomes obviously untenable.

■ We conclude that the venue of the action was properly transferred from the City and County of Denver to the County of Arapahoe. A proper application for a change of venue, timely made, leaves the trial court no alternative; it should order the change.

Going to the merits of this case, we may say that an appropriate assessment of the judgment of the trial court in this case could be given in the words of this court in reviewing the denial of injunctive relief in *Blunck v. Strachan*, 53 Colo. 222, 124 Pac. 348:

"The trial court seems to have taken the position that there was not only a conflict of evidence, the prepon-

derance of which was in favor of the defendant, but that there was, as well, a lack of evidence upon behalf of the plaintiff * * * to sustain his contentions."

If the trial court is left in doubt about the propriety of issuing an injunction, after hearing the evidence, it should deny such relief. *Blunck v. Strachan,* supra. Injunctive relief should not be granted in the absence of substantial evidence warranting the decree. *Blanchard v. Holland,* 106 Colo. 147, 103 P. (2d) 18.

When there is evidence in the record which, viewed in a light favorable to the prevailing party in the trial court, directly or through inferences fairly deducible therefrom, supports the judgment of the trial court, we should affirm. *Carper v. Frost Oil Co.,* 72 Colo. 345, 211 Pac. 370. On review of a suit for injunction, this court has said that it should consider the evidence in the record "in the light most favorable to the party successful in the trial court." *Haines v. Marshall,* 67 Colo. 28, 185 Pac. 651.

Since there is ample evidence to sustain the judgment in favor of the Sanitation District, we need not detail the evidence adduced in support of Denver's complaint.

These facts, found by the trial court, are supported by evidence which appears in the record:

At the time the suit for injunction was instituted, the Sanitation District was constructing a sewage disposal plant within the perimeter of Glendale. The location of the plant was approximately 1000 feet east of the east boundary of Denver.

The plant is known as a modified activated sludge sewage plant, and involved in its operation is a chlorination process, stabilization pond, and standby power equipment. As it performs its function, sewage will pass through four antiseptic stages. The plant constitutes a modern operation which will efficiently and effectively treat the sewage from Glendale.

Effluent from the sewage disposal plant will be discharged into the stabilization pond (the penultimate

stage) and from there it will percolate generally downward (the last stage) and enter an underground body of water which moves in a northwesterly direction. This percolating effluent will not reach the waters of Cherry Creek.

As the plant is designed, no raw sewage will reach the stabilization pond. Even though there be a breakdown in the plant, rectification can be effected in time to prevent raw sewage being dumped in the stabilization pond. Should there be a power failure, standby power has been provided which will prevent untreated effluent from reaching the stabilization pond.

After passing through the four antiseptic stages and reaching the underground body of water, the effluent will in no way constitute a danger to the health of the citizens of Denver and Glendale. In fact, such sewage disposal plant will remove whatever may be a present health hazard to both municipalities. As constructed and operated, the plant will not create offensive or noxious odors noticeable to the inhabitants of Denver. Whatever odors are present will be noticeable only within a few feet of the sewage disposal plant.

Giving the evidence a view favorable to the prevailing party in the trial court, as we have repeatedly done in the past in other cases, we should affirm the judgment. It is, therefore, affirmed.

Mr. Justice Moore not participating.

Re: No. 19,679

> City and County of Denver, a municipal corporation, v. Glendale Water and Sanitation District, a municipal corporation.

In its petition for rehearing, Denver asserts that this court substituted its judgment for that of the legislative body, in that its affirmance of the judgment of the trial court without regard to C.R.S. '53, 36-18-4, was tanta-

mount to this court proceeding as a legislative rather than as a judicial body. Denver suggests that we, therefore, must have overlooked the cited statute.

This court read the record and the briefs; it was aware of C.R.S. '53, 36-18-4, and that Denver alleged that the statute was being violated by Glendale, and it was cognizant of the attack made by Glendale upon the existence and validity of the statute. In determining the contention of Denver, the trial court had to find whether in fact Glendale was violating the statute. This issue was resolved factually in manner adverse to Denver and the judgment had basis in fact. In accord with the traditional rule that a judgment supported by substantial evidence adduced upon a trial will not be disturbed by this court, we affirmed.

Upon consideration of the petition for rehearing, we reiterate that the record contains evidence to support the findings and judgment of the trial court, and accordingly, the petition for rehearing is denied.