No. 25376

City of Cripple Creek, a Municipal Corporation of the State of Colorado; Arthur F. Tremayne, Mayor; C. H. Carlton, Henry C. Hack, Jr., Donald B. Jaynes and Kenneth Yarbrough, Councilmen, Individually, Jointly and Severally as Mayor and Councilmen of the City of Cripple Creek, Colorado v. Mitchel B. Johns, District Judge, Second Judicial District of the State of Colorado for the City and County of Denver, State of Colorado

(494 P.2d 823)

Decided March 20, 1972.

Geddes & Sparks, P.C., Kenneth Sparks, for petitioners.

Gerald M. Madsen, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The City of Cripple Creek and various of its municipal officials seek a Writ of Prohibition to compel Mitchel B. Johns, a district judge and respondent herein, to change the venue in the trial of an action brought against them from the Denver District Court to the Teller County District Court. The action in issue is essentially a suit on behalf of a Denver based concrete products company against the City of Cripple Creek and other defendants for failure to make payments required by a contract. The contract involved dealt with the construction of a water system and a sanitary sewer system in Cripple Creek.

The petitioners contend that their Motion for Change of Venue in the proceedings heretofore described should have been granted on the following grounds: (1) The contract in dispute involved agreements relating to construction of municipal utilities in Cripple Creek and therefore venue for the trial should be removed to Teller County, pursuant to C.R.C.P. 98(a); (2) The action is for breach of contract and since a majority of the petitioners reside in Teller County the action should be brought there, pursuant to C.R.C.P. 98(c); (3) The action should be brought in the county wherein the contract was to be performed, pursuant to C.R.C.P. 98(c); and, (4) Most witnesses likely to be called reside in Teller County, and the court will have to view the work site, so convenience of witnesses and the ends of justice will be better served by removing the trial to Teller County.

We do not agree with the petitioners' arguments and therefore deny their petition for Writ of Prohibition.

### I.

Colorado Rules of Civil Procedure 98(a) reads as follows:

"(a). . . All actions affecting property, franchises, or utilities shall be tried in the county in which the subject of the action or a substantial part thereof, is situated."

It is undeniable that the sanitation and water systems of the City of Cripple Creek are utilities. But the critical issue under C.R.C.P. 98(a) is whether the action is one "affecting" the utilities.

In our view, Section 98(a) deals with the situation where the lawsuit directly affects the construction or operation of the utility itself. Such a situation was present, for example, in *City and County of Denver v. Glendale Water and Sanitation District,* 152 Colo. 39, 380 P.2d 553, where Denver brought an action to enjoin Glendale from continuing with construction of a sewage disposal system using Cherry Creek which runs through Denver as its run-off water supply.

The lawsuit involved here, in contrast, is for money damages arising out of alleged breach of contract, fraud, conspiracy, misrepresentation and failure to pay for goods and services delivered. It in no way affects the construction or operation of the utility.

Thus, it is our view that the defendants in the suit below are being sued not as a utility but in their proprietary or quasi-private capacities as parties to a contract. As such, petitioners are not entitled to relief under C.R.C.P. 98(a).

### II.

The claim by petitioners that the action below should be brought in Teller County since it is for breach of contract and a majority of them live in Teller County must also fall. Since some of the defendants are resident in Denver County and were served there, the language of C.R.C.P. 98(c) is dispositive of this issue and the cases are in accord.

In pertinent part, C.R.C.P. 98(c) provides as follows:

". . . an action shall be tried in the county in which the

defendants, *or any of* them may reside at the commencement of the action, . . ." (Emphasis supplied)

This Court, in *Newland v. Frost,* 83 Colo. 207, 263 P. 715, and *People ex rel. Tripp v. Fremont County Court,* 72 Colo. 395, 211 P. 102, held that an action for breach of contract in which there were several defendants was properly brought in the county where one such defendant resided.

■ In the case below, two of the defendants (not parties to this petition) are residents of Denver and were served with process in Denver. Those two, plus a third named defendant, an employee of the other two, have filed answers and counterclaims in the Civil action. This being so, the Motion for Change of Venue was properly denied.

### III.

■ With respect to the petitioners' claim that the contract was to be performed in Teller County, and therefore the venue should be laid there, we point out that the provision of C.R.C.P. 98(c) does not make the trial mandatory in the county where the contract was to be performed. It merely makes such venue permissive by providing that the action may also be tried in the county in which the contract is to be performed at the election of the plaintiff. Where the venue is proper in either of two counties, then the change of venue cannot properly be granted from either unless some other provision requiring the change arises. *Progressive Mutual Insurance Company v. Mihoover,* 87 Colo. 64, 284 P. 1025.

■ With respect to petitioners' claim that a change of venue was required under Rule 98(f), that is a matter within the discretion of the trial judge and no compelling reason has been shown here to interfere with that discretion.

The petitioners have pointed out no ground entitling them to change of venue as of right, and the rule is therefore discharged.