## No. 27140

**The Board of Land Commissioners of the Department of Natural Resources of the State of Colorado; Raymond H. Simpson, Tommy Neal and Robert McPhee, Commissioners v. The District Court of the Fourteenth Judicial District, in the County of Moffat, State of Colorado, and the Honorable Claus J. Hume, Judge**

(551 P.2d 700)

Decided June 28, 1976.

J. D. MacFarlane, Attorney General, Jean Dubofsky, Deputy, James Russell, Assistant, William R. James, Assistant, for petitioners.

Claus J. Hume, District Judge, pro se, for respondent.

Welborn, Dufford, Cook and Brown, David W. Furgason, William A. McLain, Worth F. Shrimpton, for Utah International, Inc., amicus curiae.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an original proceeding brought by the State Board of Land Commissioners (Land Board), in which the Land Board seeks to transfer venue in an action against the Board from Moffat County to the City and County of Denver.

In 1954, the Land Board granted to Utah International, Inc. a coal mining lease for lands in Moffat County. The lease, according to the Land Board, was subject to an express reservation of power by the Land Board

to grant rights-of-way over the leased land.

In December 1975, after hearings, the Land Board granted to Colorado Ute Electric Association a right-of-way to construct a railroad over the property previously leased to Utah International.

Utah International then filed a complaint against the Land Board and Colorado Ute in the Moffat County district court. The district court ordered that a citation and writ in the nature of certiorari issue to review the actions taken by the Land Board.

The Land Board, purportedly pursuant to section 36-1-128, C.R.S. 1973, filed a motion for change of venue to Denver.[1] The motion also requested that venue be changed on the basis of convenience of the parties. The district court denied the motion. The court held that section 36-1-128, as construed by this court in *Dallas v. Fitzsimmons*, 137 Colo. 196, 323 P.2d 274 (1958), established venue in Denver *only* in actions *by the Board*. Since this is an action against the Board, the district court held the statute to be inapplicable.

The court treated the venue change request based on convenience of the parties to be made pursuant to C.R.C.P. 98(f)(2) and denied it on the ground that the action involved a review of a record previously made and that no witnesses would be required.

After the trial court denied the original motion for change of venue, the Land Board filed a "Supplemental Motion for Change of Venue." This motion was predicated on C.R.C.P. 98(b)(2).[2] The trial court denied the supplemental motion on the ground that it was not timely filed. The Land Board then brought this original action to compel the district court to transfer venue to Denver. We issued a rule to show cause and we now discharge the rule.

I.

■ The Land Board contends that section 36-1-128, C.R.S. 1973, requires that *all* actions *by or against* the Board be brought in Denver. In *Dallas v. Fitzsimmons, supra,* we interpreted this statute to apply only

---

[1]Section 36-1-128 provides:
"*Place of payment — venue.* All moneys due and payable to the state board of land commissioners shall be paid at the office of the state board of land commissioners in the state capitol in the city and county of Denver, Colorado, and all actions for the recovery of same, or for the cancellation of certificates of purchase, or for the cancellation of leases, or for the recovery of the possession of the land, actions of forcible entry and detainer, or ejectment, shall be brought in any court of competent jurisdiction in the city and county of Denver in the state of Colorado."

[2]C.R.C.P. 98(b)(2) provides:
"(b) Venue for Recovery of Penalty, etc. Actions upon the following claims shall be tried in the county where the claim, or some part thereof, arose:
* * * *
(2) Against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who by his command, or in his aid, does anything touching the duties of such officer, or for a failure to perform any act or duty which he is by law required to perform."

to actions brought by the Board. We think the interpretation of the statute made in the *Dallas* case was correct and we adhere to it. The district court, therefore, correctly refused to transfer venue based on this statute.

## II.

 A motion to change venue based on the convenience of the parties lies in the sound discretion of the trial court. C.R.C.P. 98(f)(2); *City of Cripple Creek v. Johns*, 177 Colo. 443, 494 P.2d 823 (1972). The district court did not abuse its discretion in denying the motion to change venue on this ground under the facts of this case.

## III.

 The trial court also correctly ruled that the Land Board's supplemental motion for change of venue based on C.R.C.P. 98(b)(2) was not timely filed.

C.R.C.P. 98(e)(1) when read together with C.R.C.P. 12, requires that all venue motions except those based on C.R.C.P. 98(c)(3), (f)(2), and (g), must be filed together. Otherwise, a party could approach the trial court with continuous venue change requests. Sound judicial policy cannot sanction such a procedure. No good cause was shown by the Attorney General for his late filing of the C.R.C.P. 98(b)(2) motion and the trial court correctly refused to consider the motion.

The rule is discharged.

MR. JUSTICE HODGES does not participate. ·