DOLLY GARSIDE, Appellee, v. FRANK GARSIDE, Appellant.

No. 39420.

APRIL 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*Dalton & Knop,* for appellant.

*Parsons & Mills,* for appellee.

EVANS, J.—The parties hereto were married in 1902 in Cass County, Iowa, where they both continued to reside until shortly prior to the beginning of this suit in Polk County. Six children have been reared, as the fruit of the marriage, ranging in age from 15 to 25 years. Three have attained their majority, and three are still in their minority, and all reside in Cass County. In 1926, the plaintiff brought a suit for divorce in Cass County. On July 9, 1927, decree was entered, denying the divorce. If the plaintiff's evidence is to be accepted, the denial of the divorce emboldened the defendant to harsh and unwarranted conduct, upon which the present suit is predicated. The plaintiff was the owner, by purchase, of a certain restaurant in the city of Atlantic, which she had continued to operate during the pendency of her first action for divorce and after the adverse decree. She was aided in the operation of her restaurant by her children. Notwithstanding the estrangement and the separation, the defendant insisted upon his right to board at the restaurant and to lodge there. He helped himself to his meals and cigars at the expense of his wife and against her consent. Likewise, he occupied rooms forcibly that were rented to other boarders, against the protests of his wife, and was guilty of assault and battery upon his wife in carrying out his insistent purpose. He persistently interfered with the management and employees and patrons, and became involved in one or two fights in the restaurant. This indicates the alleged reason for the conclusion of the plaintiff that she could not and would not live in the same town with him, and that she must select another home. She listed her restaurant for sale with a real estate agency, and left the management in charge of her daughter, who was an employee, and went to Des Moines and engaged living rooms there, where she purported to make her home. This occurred in September, 1927. She returned occasionally to Atlantic, to oversee the restaurant, as she claims. On October 20th, she brought this suit in Polk County.

The defendant appeared to the action, and moved for a change of venue and for costs and attorney fees for attending court at the wrong county, and in support of his motion averred that both plaintiff and defendant were actual residents of Cass

536

County. A separate hearing was had upon this motion in November, 1927, and the same was overruled, over defendant's exception. Thereafter, the defendant answered, and proceeded to trial in February, 1928. In his answer he raised no question of jurisdiction or residence, except so far as it was involved in the general denial.

I. The defendant submits his appeal upon an assignment of errors. His first assignment is that the court erred in overruling his motion for a change of venue on the ground of the nonresidence of the plaintiff in Polk County. The defendant had the right to raise the question of jurisdiction in such way as he saw fit, but his motion for a change of venue and costs and attorney fees was not well advised or well taken. If the fact was, as he claimed it to be, that the plaintiff was an actual resident of Cass County, and that her pretended residence in Polk County was not in good faith, then it was the duty of the court to dismiss the action,—not to change the venue. In such case, the court had no jurisdiction either to try the case or to change the venue. For this reason, therefore, the motion for a change of venue was properly denied.

II. It is complained that evidence was received that antedated July 9, 1927. It is correctly contended that a divorce could not be predicated upon cruel acts committed prior to the date of the decree. But the plaintiff's action is predicated wholly upon cruel treatment committed since the date of the decree. Evidence of events antedating the decree and including the history of the parties and their relations was not necessarily objectionable, in so far as it threw light upon the conduct of the defendant subsequent to July 9, 1927. We find no proper ground of complaint at this point.

III. There was a finding in the decree that the plaintiff was the sole owner of the restaurant operated by herself and children. She was also awarded the household goods. Complaint is made of this finding because the pleadings made no issue on the question of property or alimony. It is true that the petition did not ask for alimony in terms. It did pray for general equitable relief. Such, also, was the form of the prayer of the answer. On the trial, however,

both parties introduced their evidence on the subject of the ownership of the restaurant, and the question seems to have been voluntarily and fully litigated. The disposition of the household goods was quite a necessary incident of the decree. To have omitted disposition of them in the decree would have been only to invite personal combat between the parties later. We think there was no error here.

IV. Lastly, it is contended that the evidence did not warrant a decree of divorce. The case presented is not wholly one-sided. The defendant denied categorically all the charges made in the petition. The plaintiff was sustained in her testimony by that of three of her children. None of the children testified in support of the testimony of the defendant. The conduct of the defendant, as proved, was, without doubt, blameworthy. The doubt in the case is whether plaintiff herself was free from blame.

The further doubt is whether she proved herself a good-faith resident of Polk County. Her explanation of her course has its plausibility. There was no reconciliation of husband and wife after the denying decree. It was quite possible for the defendant to make life burdensome to the plaintiff, if she should continue her residence where he had access to it. We have read the evidence somewhat skeptically, but reach the conclusion that its preponderance supports the decree.

It is, accordingly,—*Affirmed.*

STEVENS, DE GRAFF, MORLING, KINDIG, WAGNER, and GRIMM, JJ., concur.