Dorothy M. LARSON, Appellant,

v.

The DISTRICT COURT OF MARION COUNTY, Iowa, et al., Appellees.

No. 56659.

Supreme Court of Iowa.

June 30, 1976.

Keith A. Beekley, Sioux City, for appellant.

Warren A. Reiter, Knoxville, for appellees.

Submitted to REYNOLDSON, Acting C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

RAWLINGS, Justice.

Original certiorari proceeding by respondent to review trial court order overruling a change of venue motion in marriage dissolution action. We annul the writ.

Plaintiff (petitioner) Donald Larson, filed in Marion County an action for dissolution of marriage. Defendant (respondent) Dorothy Larson, was served with notice thereof in Woodbury County where she has resided for more than 47 years. Prior to answer respondent moved for a change of venue, supportively stating petitioner's action had been brought in the wrong county and should be removed to Woodbury County. In resistance thereto petitioner alleged he was a resident of the county where action had been commenced and venue there properly fastened. Trial court overruled said motion. Subsequently, respondent ineffectively moved trial court to reconsider the above ruling. The movant thereby asserted she and petitioner owned real estate in Sioux City (Woodbury County) and the latter attendantly receives benefit of statutory exemptions thereon thus making him a

Sioux City resident for purpose of the dissolution action.

The sole issue here raised is whether trial court exceeded its proper jurisdiction or otherwise acted illegally in overruling respondent's change of venue motion.

I. Significantly, "dissolution of marriage" and "divorce" are synonymous terms. See Section 598.1, The Code 1973. Consequently applicable guiding precepts in the divorce field will be considered, where appropriate, in resolving the question now posed.

II. Respondent concedes the Marion District Court has *jurisdiction* over the subject matter (marital relationship) and the parties (herself and petitioner). She maintains, however, *venue* did not there attach.

Admittedly, "Jurisdiction refers to the power of the court to decide issues on the merits, while venue refers to the place where the cause sued upon should be tried." *Lueders v. Brewer,* 218 N.W.2d 638, 640 (Iowa 1974). Nevertheless, as hereafter demonstrated, there is no practical distinction in Iowa between jurisdiction and venue as related to marriage dissolution actions.

III. Respondent's controverted motion is premised upon three provisions of the Iowa Code.

She initially contends dissolution of marriage is a *personal action*. In this regard § 616.17 provides: "Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside * * *."

Mrs. Larson correlatively maintains that since dissolution of marriage is a personal action, she was entitled to have the case instituted by petitioner transferred as requested by her under the provisions of Iowa R.Civ.P. 175(a) which says:

"An action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county. Thereupon the court shall order the change at plaintiff's costs, which may include reasonable compensation for defendant's trouble and expense, including attorney's fees, in attending in the wrong county."

Ultimately, respondent contends petitioner's dissolution action will result in a determination of their respective rights in jointly owned Woodbury County real estate, thus venue is in the Woodbury District Court alone. In this regard § 616.1 states:

"Actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, or for the partition of real property, must be brought in the county in which the subject of the action or some part thereof is situated."

Briefly stated, the foregoing rationale is totally devoid of substance.

At the outset, as expressed in Code § 598.2: "The district court in the county where either party resides has jurisdiction of the subject matter of this chapter."

Turning now to *Bennett v. Tomlinson,* 206 Iowa 1075, 1077, 221 N.W. 837, 839 (1928), this court there aptly observed:

"The Iowa decree is for divorce only, and quasi *in rem.* 34 C.J. 1176. In order for it to have validity, the *res,* the marriage relation or status, must have been within the jurisdiction of the Iowa court. Jurisdiction of the *res* depends on domicile, either the matrimonial domicile or the actual good-faith domicile of one of the parties within the state in which the divorce is granted."

Cf. *Main v. Main,* 180 Iowa 616, 163 N.W. 364 (1917); *Everett v. Board of Supervisors,* 93 Iowa 721, 725, 61 N.W. 1062 (1895).

In the same vein it has also been held a venue statute pertaining to divorce (dissolution of marriage) is sui generis. See *Chapman v. Parr,* 521 P.2d 799, 801 (Okl.1974). See generally *Gerdel v. Gerdel,* 132 Vt. 58, 313 A.2d 8 (1973).

But respondent takes the position § 598.2, *supra,* is exclusively a *jurisdictional* enactment not relating to venue.

Looking to the other side of the coin this court, when called upon to interpret § 3171, The Code 1897 (identical precedent to

§ 598.2) said in *Holmes v. Holmes,* 186 Iowa 336, 345, 170 N.W. 793, 796 (1919):

"If, at the time the action is commenced, the plaintiff is living within the county in which the divorce suit is instituted, with the intention then to permanently remain in the county *the right to maintain the action in that county is complete.*" (emphasis supplied).

See also *Freet v. Holdorf,* 205 Iowa 1081, 1084, 216 N.W. 619 (1927); *Comes v. Comes,* 190 Iowa 547, 549, 178 N.W. 403 (1920); cf. *Julson v. Julson,* 255 Iowa 301, 303, 122 N.W.2d 329 (1963).

■ It therefore follows Iowa, as aforesaid, statutorily treats jurisdiction in dissolution of marriage cases as the equivalent of venue. Phrased otherwise, if jurisdiction to entertain such an action exists in X county, there also venue ordinarily attaches. See generally 24 Am.Jur.2d, Divorce and Separation, § 267 at 421–422; 27A C.J.S. Divorce § 83b(1). Compare *Garside v. Garside,* 208 Iowa 534, 536, 224 N.W. 586 (1929).

The foregoing conclusion is further buttressed by this cogent statement in 2A Nelson, Divorce and Annulment, § 21.35 at 368 (rev. 2d ed. 1961):

"The statutes of some states offer an option of suit in more than one county, *in which case it cannot be said that suit in either is improper and there is no absolute right in the defendant to demand a change to another county as against that of plaintiff's choice.*" (emphasis supplied).

Finally, Code § 616.17, quoted above, significantly declares personal actions shall be brought in a county where some of the defendants reside, *"except as otherwise provided".* Manifestly, the legislature intended, by enactment of § 598.2, to "provide otherwise" regarding marriage dissolution actions. From this flows the conclusion it is instantly of no consequence whether such proceedings be deemed personal or otherwise.

■ III. Neither is there merit in respondent's claim to the effect Code § 616.1, set forth *supra,* dictates that where any action is commenced wherein a right or interest in real estate will be ·determined the situs of such property dictates the place of trial.

In *Harshberger v. Harshberger and Harshberger,* 26 Iowa 503, 504–505 (1868) this court stated:

"Under our statute, the District Court in the county where the plaintiff resides has jurisdiction of all cases of divorce and alimony, and of guardianship connected therewith. [Citation]. It is also provided, that, when a divorce is decreed, the court may make such order in relation to the children *and property of the parties,* and the maintenance of the wife, as shall be right and proper. [Citation]. The action for divorce and alimony then was properly brought in Mahaska county, where the plaintiff resided. The District Court of that county having jurisdiction of the cause of action, it might rightfully enforce any lien connected with the subject matter of the action, *although the real property upon which such lien was claimed and enforced, was situated in another county.*" (emphasis supplied).

Moreover, if respondent's theory were to be applied then a husband and wife owning realty in a county other than their place of residence would encounter more than minimal difficulty in ever securing a totally dispositive marriage dissolution decree. Demonstrably, H and W, living in X county but owning no realty therein, might conceivably possess property in Y county. Under these circumstances adoption of respondent's proposal would dictate a dissolution proceeding by either spouse be brought in Y county. It still remains, however, the court in Y county would have no subject matter jurisdiction. See § 598.2, quoted above.

Also apparently ignored by respondent is this portion of § 598.21: "When a dissolution of marriage is decreed, the court may make such order in relation to the * * * property * * * as shall be justified."

Parenthetically, the Marion District Court may adjudicate title rights in the Woodbury County real estate or affix a lien thereon for any proper purpose. In any

such event respondent can be adequately protected. See Code §§ 558.66, 624.21, 624.-24, 624.26 and 624.31.

Trial court did not exceed its proper jurisdiction or otherwise act illegally in overruling respondent's change of venue motion.

WRIT ANNULLED.