**Shelley Irene BALLANGER, Formerly Known as Shelley Irene Walt, Petitioner,**

v.

**IOWA DISTRICT COURT FOR APPANOOSE COUNTY, Respondent.**

No. 91–1021.

Court of Appeals of Iowa.

Aug. 27, 1992.

Daniel J. Jay of Drake, Wilson & Jay, Centerville, for petitioner.

No appearance for respondent.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

This is an original certiorari action testing the action of the Iowa District Court of Appanoose County, the Honorable James D. Jenkins presiding, and testing the jurisdiction of the court to enter a finding of contempt against Shelley Irene Ballanger, formerly known as Shelley Irene Walt.

The marriage of Ricky Walt and Shelley Irene Walt was dissolved by final decree of divorce entered in Harding County, New Mexico, on the 18th day of December, 1985. As a part of that decree, a marriage settlement agreement entered into by the parties was incorporated in the decree. That agreement granted sole custody of the minor child of the parties to Shelley Irene Walt and fixed minimum visitation rights in Ricky Walt. As a part of the decree, Ricky Walt was granted six weeks visitation each summer after the child had commenced school.

Sometime prior to July 5, 1991, Ricky gave notice to Shelley that he intended to exercise visitation for six weeks during the summer of 1991, commencing on July 8, 1991. Shelley notified Ricky that she would refuse to allow the child to accompany Ricky for such visitation.

On the 8th day of July at 9:57 a.m. Ricky filed, in the office of the Iowa District Court of Appanoose County, an application for citation for contempt, along with a true attested copy of the decree of divorce entered in New Mexico. Ricky pointed out that Shelley had informed him that she would refuse visitation. He asked that Shelley be punished for refusal to allow visitation as provided for in the decree of divorce. An order for rule to show cause was filed on July 8, 1991, at 9:58 a.m. That order set the matter for hearing at 11 a.m. on July 8, 1991, and directed that Shelley be served with a rule to show cause why she should not be punished for contempt.

At 11:45 a.m. the court made a record that the parties and their attorneys were present in court pursuant to the application to find Shelley in contempt. Counsel for Shelley objected to the timing of the hearing in that there was not sufficient time for Shelley to prepare and respond to the appli-

cation or to call any other witnesses that may be relevant to the hearing. The court, while agreeing this matter came on rather rapidly, denied the request for continuance.

After hearing, the court found Shelley in contempt for failing to obey the order of the court in the New Mexico decree. It allowed Shelley to purge herself of contempt by delivering the child to Ricky for visitation. Thereafter, Shelley filed a petition for writ of certiorari with the supreme court and obtained a stay of the execution of the sentence in the contempt action. Following a hearing before Justice Carter of the Iowa Supreme Court, the stay was lifted, and visitation did indeed occur.

This certiorari action was commenced to attack the trial court's action in assuming jurisdiction to make a finding of contempt. Writ was issued by the Iowa Supreme Court, and the matter was transferred to the Iowa Court of Appeals.

■ The sole issue for our determination is whether the court acted illegally in holding the hearing on the contempt matter without allowing Shelley additional time. In a contempt case we are not bound by the trial court's conclusions of law and may inquire into whether it applied erroneous rules of law that materially affected its decision. *State v. Lipcamon,* 483 N.W.2d 605, 606–607 (Iowa 1992).

■ It is Shelley's contention the trial court did not have jurisdiction to enter an order finding her in contempt or enforcing the New Mexico decree because the decree had not been on file in the Iowa district court for a sufficient amount of time. She contends that under Iowa Code section 626A.3 the New Mexico decree does not confer jurisdiction upon the court of this state until it has been on file for twenty days. She contends that section 626A.3 applies to decrees of divorce entered in foreign states. We do not agree.

Section 598A.15, Code of Iowa, 1991, states:

A certified copy of a custody decree of another state may be filed in the office of the clerk of any district court of this state. The clerk shall treat the decree in the same manner as a custody decree of the district court of this state. A custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state.

A person violating a custody decree of another state, which makes it necessary to enforce the decree in this state, may be required to pay necessary travel and other expenses, including attorney's fees, incurred by the party entitled to the custody or by that party's witnesses.

We believe section 598A.15 is the relevant section in this case. Under that section, the court has the jurisdiction to enforce the decree of the foreign state in the same manner as a custody decree of the district court of this state. The provisions for handling violations of custody decrees of this state are provided for in section 598.23, Code of Iowa, 1991. That section provides for citation and punishment for contempt in case of the violation of a custody decree.

Section 665.7 provides for the requirement of notice to show cause in contempt matters. It provides for service of the offender personally and a reasonable time given to show cause. That section further states:

[O]r the offender may be brought before the court forthwith, or on a given day, by warrant, if necessary.

■ Shelley contends the trial court abused its discretion in setting the hearing on the same date the application was filed and the rule to show cause was served upon her.

■ The general rule is that decisions regarding contempts are within the sound discretion of the trial court, and unless this discretion is grossly abused, the discretion must stand. *Lipcamon,* 483 N.W.2d at 607. An abuse of discretion will be found only when such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Rowen v. LeMars Mutual Insurance Co.,* 357 N.W.2d 579, 583 (Iowa 1984).

It is obvious from the record that Shelley and her attorney, together with Ricky and his attorney, had been involved in this dispute for some time prior to the hearing. Shelley indicated she had certain reservations concerning the visitation. She knew Ricky would have substantial travel to undertake to commence visitation with the child. Because of his travel problems and expenses involved, it required a rapid disposition of this matter. The court was aware of all of these facts. Both parties were available and present. The court could make the determination based upon the record made before it. We do not believe the court abused its discretion in holding the hearing without delay.

The writ of certiorari is hereby annulled. This action is dismissed.

WRIT ANNULLED.

HAYDEN, J., concurs.
SACKETT, J., dissents.

SACKETT, Judge, dissenting.

I dissent. I would reverse and remand. Due process requires more notice than an hour before a contempt hearing is held. I would find the continuance should have been granted. I would remand for a new hearing and adequate notice.