In re the MARRIAGE OF Delores Elaine RATHE and Danny Lee Rathe.

Upon the Petition of Delores Elaine Rathe, Appellant,

And Concerning Danny Lee Rathe, Appellee.

No. 93–508.

Supreme Court of Iowa.

Sept. 21, 1994.

Craig H. Lane of Craig H. Lane, P.C., Sioux City, for appellant.

Danny Lee Rathe, Parkersburg, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

Does the district court sitting in Woodbury County hold the power to enforce, by contempt, a support order entered in district court in Black Hawk County? The trial court thought not, and we agree.

In 1979 the Black Hawk district court entered a decree dissolving the marriage of Delores and Danny Rathe. The decree called for sixty dollars per week in child support. Danny is currently more than $27,000 in arrears on these payments.

In 1992 Delores filed an application in Woodbury district court seeking a finding that Danny was in contempt for nonpayment of child support. In 1993 the district court in Woodbury County dismissed the application, specifically noting that it lacked subject matter jurisdiction to conduct a contempt proceeding because the decree had been entered in another county.

The matter is before us on Delores' appeal from the dismissal. Our review in this equity action is de novo. Iowa R.App.P. 4.

I. We do not agree that the trial court lacked subject matter jurisdiction. Iowa has a unified trial court. Iowa Code § 602.6101 (1993). We read nothing in this statute to indicate that Iowa's district courts hold less than statewide jurisdiction over all appropriate matters. Venue is a matter of proper situs, not jurisdiction. The remedy for bringing an action in an improper county is not dismissal, but change to a proper county under rule of civil procedure 175. *Board of Directors v. Banke,* 474 N.W.2d 558, 562 (Iowa 1991).

**750**

II. We have many times emphasized the distinction between jurisdiction and authority. *See, e.g., State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993). We agree that the trial court lacked authority to proceed in Woodbury County district court with this special statutory remedy.

As a general rule, contempt is unavailable to enforce a money judgment. *See* Iowa Code § 626.1 (*money* judgments enforceable by execution; other commanded acts are to be coerced by contempt); Iowa Code § 665.2 (generally setting forth contempt grounds). A special statute, involving support orders entered in dissolution of marriage decrees, provides an exception to this rule. A district court has authority to hear and determine contempt proceedings in the context of delinquent child support. Iowa Code § 598.23A (1993).

But this power is a special one the legislature accorded only in dissolution of marriage cases. It is not a separate cause of action, but a remedy specifically appended in order to enforce orders already entered. We do not think the legislature intended for bifurcation of disputes concerning support, modification, or other matters that may arise within a dissolution of marriage proceeding. We are convinced the legislature intended for these matters to be pursued only within the original proceeding. Because the contempt proceeding is merely an adjunct to the case in Black Hawk district court, and not an independent action, we agree that the appropriate remedy is dismissal, not transfer under rule of civil procedure 175.

We agree that the Woodbury district court lacked authority to apply the contempt power available in Black Hawk district court.

**AFFIRMED.**