In re the MARRIAGE OF Ann M. ENGLER and Lloyd L. Engler.

Upon the Petition of Ann M. Engler, Appellee,

and Concerning Lloyd L. Engler, Appellant.

No. 94–1444.

Supreme Court of Iowa.

May 24, 1995.

David J. Grace of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellant.

Richard L. Boresi of King, Smith & Boresi, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

In this case we decide whether a modification action must be brought in the county where the original decree was entered. We agree with the district court that it does not. Therefore, we affirm.

## I. *Background Facts and Proceedings.*

Lloyd and Ann Engler were divorced by decree filed in the Iowa District Court for Clayton County in 1992. The dissolution decree awarded the parties joint custody of their minor child and provided that Lloyd would have primary physical care.

In 1994 Ann filed a petition for modification in the Iowa District Court for Linn County, requesting that the court transfer the primary physical care of the child to her. At that time both Ann and the minor child had been residents of Linn County for eleven months.

Lloyd filed a motion for a change of venue to Clayton County, arguing that the Clayton County District Court retained jurisdiction. The court denied the motion and we allowed Lloyd to pursue this interlocutory appeal. On appeal Lloyd claims that Linn County is not the proper venue and that the Linn County District Court does not have jurisdiction or authority over this modification proceeding. For the reasons stated below, we disagree.

## II. *Standard of Review.*

■ The questions of jurisdiction, authority and venue are legal issues here. We review for correction of errors of law. *Jahnke v. Jahnke,* 526 N.W.2d 159, 161 n. 1 (Iowa 1994); *Tigges v. City of Ames,* 356 N.W.2d 503, 512 (Iowa 1984).

## III. *Distinctions Between Subject Matter Jurisdiction, Authority and Venue.*

We begin our consideration of this case with a comparison of the related concepts of subject matter jurisdiction, authority and venue. We do so because the distinctions between these concepts have not always been clear in dissolution actions. An understanding of the differences is necessary for an accurate resolution of the issues raised here.

■ Traditionally, we have generally recognized a distinction between venue and jurisdiction. Venue means the place where the action must be tried. *Minnesota Valley Canning Co. v. Rehnblom,* 242 Iowa 1112, 1115, 49 N.W.2d 553, 554 (1951). In contrast, jurisdiction refers to the power of the court to decide an issue on its merits. *O'Kelley v. Lochner,* 259 Iowa 710, 712, 145 N.W.2d 626, 627 (1966).

Nevertheless, with respect to actions brought under Iowa Code chapter 598 (dissolution of marriage), we have held that jurisdiction is the equivalent of venue. *Larson v. District Ct.,* 243 N.W.2d 617, 619 (Iowa 1976). That conclusion was based on Iowa Code section 598.2, which at the time of the *Larson* decision provided:

> The district court in the county where either party resides has jurisdiction of the subject matter of this chapter.

Iowa Code § 598.2 (1975).

The legislature has since rewritten section 598.2 and it now states:

> The district court has original jurisdiction of the subject matter of this chapter. Venue shall be in the county where either party resides.

Iowa Code § 598.2 (1993). The amended statute now reflects the traditional distinction between subject matter jurisdiction and venue. *See In re Marriage of Russell,* 490 N.W.2d 810, 812 (Iowa 1992) (the first sentence of section 598.2 confers subject matter jurisdiction).

That brings us to the next area of potential confusion—jurisdiction. We have used this term to refer to both subject matter jurisdiction and the authority of the court to decide

the case before it. *Compare In re Marriage of Kimura,* 471 N.W.2d 869, 876–77 (Iowa 1991) (discussing "jurisdiction" in the sense of subject matter jurisdiction) *with In re Ellis,* 260 Iowa 508, 149 N.W.2d 804 (1967) (discussing "jurisdiction" in the sense of authority to entertain the particular case). The distinction between these two concepts is important. "Subject matter jurisdiction refers to 'the authority of a court to hear and determine cases of the general class to which the proceedings in question belong,'" in contrast to the authority of the court to hear the particular case then occupying the court's attention. *Christie v. Rolscreen,* 448 N.W.2d 447, 450 (Iowa 1989) (quoting *Wederath v. Brant,* 287 N.W.2d 591, 594 (Iowa 1980)).

■ We think the jurisdictional issue raised here addresses the authority of the Linn County District Court to hear this particular case, rather than the court's subject matter jurisdiction. The Iowa district courts clearly have subject matter jurisdiction to hear modification actions. Iowa Code § 598.2 (1993) ("The district court has original jurisdiction of the subject matter of this chapter."). This jurisdiction is statewide. *See In re Marriage of Rathe,* 521 N.W.2d 748, 749 (Iowa 1994). Consequently, the Linn County District Court has jurisdiction to hear the general class of cases to which this case belongs. Lloyd simply argues that the Linn County District Court does not have the authority to hear this particular case because the Clayton County District Court retained that power exclusively.

In summary, Lloyd challenges Linn County as the proper venue for this modification action. Additionally, he contests the authority of the Linn County District Court to hear this case. Keeping in mind the difference between these issues, we turn to a discussion of the merits of Lloyd's position.

### IV. *Venue.*

■ In seeking a change of venue, Lloyd relied on Iowa Rule of Civil Procedure 175. That rule allows the trial court to transfer to the proper county a case filed in the *wrong* county. *Anderson v. W. Hodgeman & Sons, Inc.,* 524 N.W.2d 418, 421 (Iowa 1994). Therefore, we must decide whether Linn County was an improper venue for this modification action.

■ As previously noted, section 598.2 states that venue lies in the county where either party resides. Iowa Code § 598.2 (1993). Here proper venue lies in either Clayton County or Linn County, because those are the two counties where Lloyd and Ann reside. Because Ann filed her petition for modification of custody in a proper county, the district court may not transfer the case to another county under rule 175. *Slattery v. Iowa Dist. Ct.,* 442 N.W.2d 82, 85 (Iowa 1989). Therefore, we affirm the district court's denial of Lloyd's motion for change of venue.

### V. *Jurisdiction: Authority of the Court.*

Lloyd argues that under Iowa common law the Clayton County District Court has exclusive jurisdiction over any proceeding to modify the original decree. Ann argues that Lloyd is precluded from raising this issue for the first time on appeal. Alternatively, she claims that the Linn County District Court has jurisdiction under Iowa Code section 598.25.

■ It is well established that subject matter jurisdiction may be raised any time and is not waived, even by consent. *Hutcheson v. Iowa Dist. Ct.,* 480 N.W.2d 260, 262 (Iowa 1992); *Pierce v. Pierce,* 287 N.W.2d 879, 881–82 (Iowa 1980). However, "where subject matter jurisdiction exists, an impediment to a court's *authority* can be obviated by consent, waiver or estoppel." *State v. Mandicino,* 509 N.W.2d 481, 483 (Iowa 1993).

■ We do not think consent, waiver or estoppel occurred here. Although Lloyd filed a motion to change "venue," he based his motion on the contention that the Clayton County District Court, as the court issuing the original dissolution decree, "retain[ed] jurisdiction." We think, under these circumstances, that Lloyd did not waive his challenge to the jurisdiction of the Linn County District Court, nor did he consent to that court's authority to hear this matter. Finally, at no time did he act in a way which would

estop him from challenging the court's authority on appeal.

Lloyd's jurisdictional argument is based on the holding of *In re Ellis*, 260 Iowa 508, 149 N.W.2d 804 (1967). There we held that as a rule, the court granting a divorce and awarding child custody has continuing and exclusive jurisdiction to modify the decree. *In re Ellis*, 260 Iowa at 513, 149 N.W.2d at 808. Ann asserts that *Ellis* has no continuing validity since the enactment of Iowa Code section 598.25.

In 1970 the legislature enacted section 598.25 which is entitled "Termination of jurisdiction of court granting marriage dissolution decree." 1970 Iowa Acts ch. 1266, § 26. Section 598.25 states in relevant part that:

> Whenever a proceeding is initiated in a court for ... modification of a judgment of ... custody granted in an action for dissolution of marriage, the following requirements must be met if such proceedings are initiated in a court other than the court which granted the dissolution decree.

Iowa Code § 598.25 (1993).[1]

 Lloyd argues that section 598.25 was intended to apply to foreign decrees only. It is true that section 598.25 is available for modification of decrees from other states. *In re Marriage of Russell*, 490 N.W.2d at 814. However, we find no language in the statute that *limits* its application to such cases. When the language of a statute is unambiguous, we interpret the statute based on what the legislature said rather than on what it might have said. Iowa R.App.P. 14(f)(13). "We are not permitted to search beyond the express terms of a statute when the language is plain and its

meaning is clear." *State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991). Obviously, if the legislature had wanted to limit the application of section 598.25 to foreign decrees only, it could easily have done so by referring to a "foreign judgment" rather than a "judgment." Because it did not do so, we refuse to limit the scope of the statute to out-of-state decrees. Therefore, we hold that section 598.25 allows a party subject to an Iowa dissolution decree to seek to modify that decree in a court other than the district court entering the dissolution decree, subject, of course, to the venue limitations of section 598.2.

We conclude that section 598.25, not the holding of *Ellis*, is controlling.[2] Once the requirements of section 598.25 are met, the district court where the modification action is filed has authority to hear the case. Lloyd does not argue that Ann has failed to comply with the procedural prerequisites of section 598.25. Therefore, the Linn County District Court has authority to hear this case.

## VI. *Summary.*

The Linn County District Court has subject matter jurisdiction of this modification action pursuant to section 598.2. Additionally, venue is proper in Linn County because one of the parties to this action resides there. Finally, the Linn County District Court has authority to decide the issues in this particular case because the prerequisites of section 598.25 were followed, thereby terminating the authority of the Clayton County District Court and vesting that authority in the Linn County District Court.

---

1. The requirements are twofold. The party initiating the modification action must inform the court of the names and addresses of the parties to the dissolution decree, the identity of the court granting the decree and the date of the decree. Iowa Code § 598.25(1) (1993). The court must then notify the parties to the original proceeding of the modification action. *Id.* § 598.25(2).

2. Lloyd also argues that our recent holding in *In re Rathe*, 521 N.W.2d 748 (Iowa 1994), signifies that the rule of *In re Ellis* remains viable. The issue in *Rathe* was whether the district court in Woodbury County had the power to enforce by contempt a support order entered in the district court in Black Hawk County. *In re Rathe*, 521

N.W.2d at 749. We held that a contempt proceeding in a dissolution of marriage case is merely an adjunct to the original case, not an independent action. *Id.* at 750. Thus, only the court issuing the support order can enforce it by contempt. *Id.*

This case is distinguishable from *Rathe* because we are not considering the limited issue of contempt. More importantly, the impact of section 598.25 was not considered in *Rathe* because section 598.25 does not apply to contempt actions. Any statements made in *Rathe* with respect to actions other than those for contempt were dicta.

The district court did not err in denying Lloyd's motion for change of venue to Clayton County.

**AFFIRMED.**