Lori BURKE, Plaintiff,

v.

**IOWA DISTRICT COURT FOR BOONE COUNTY, Defendant.**

No. 94–1849.

Supreme Court of Iowa.

April 17, 1996.

Bruce L. Cook of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for plaintiff.

Ben T. Doran of Courter, Quinn, Doran & Anderson, Boone, for defendant.

ANDREASEN, Justice.

The sole issue in this original certiorari action is whether an Iowa district

court has authority under Iowa Code section 598.23A(1) (1993) to enforce by contempt the support provisions of a foreign dissolution of marriage decree certified in the Iowa district court under Iowa Code chapter 626A. The district court held it lacks authority to enforce, by contempt, the support provisions of an Arizona decree. We disagree and sustain the plaintiff's writ of certiorari.

## I. *Background Facts and Proceedings.*

Lori Burke, a resident of Arizona, was previously married to Daniel Doran. In 1993, a decree dissolving the marriage was entered by the Superior Court of the State of Arizona. Physical custody of their two minor children was awarded to Burke, and Doran was ordered to pay $1200 per month in child support and $400 per month in spousal maintenance.

Doran, who resided in Arizona at the time, subsequently relocated and established residence in Boone County, Iowa. He failed to pay child support and spousal maintenance as ordered by the Arizona decree.

In August 1994 Burke filed the Arizona decree in the Iowa District Court for Boone County pursuant to Iowa Code chapter 626A. In October, Burke filed an application for order to show cause alleging that Doran failed to comply with the support provisions of the Arizona decree. Burke asked the court to hold Doran in contempt and punish him accordingly.

The district court denied Burke's application and concluded "that it is without jurisdiction to respond to an application for contempt of a foreign judgment certified under chapter 626A." Burke filed a motion to reconsider and brought to the court's attention Iowa Code section 598.23A which permits contempt proceedings to enforce an order or decree for support. The court overruled the motion, relying on its previous reasoning and further stating that "section 598.23A provides for contempt of an order for support, *made by this court*, based upon the provisions of some foreign statutory authority." (Emphasis in original).

■ Burke filed an original petition for writ of certiorari, which was granted by this court. *See* Iowa R.App.P. 301. Our review of the district court's order is to correct errors of law. *French v. Iowa Dist. Ct.,* —— N.W.2d ——, —— (Iowa 1996).

## II. *Discussion.*

■ Chapter 626A, the Uniform Enforcement of Foreign Judgments Act, governs the enforcement of foreign judgments. A foreign judgment means "a judgment, decree, or order ... of any other court which is entitled to full faith and credit in this state." Iowa Code § 626A.1. A properly authenticated foreign judgment, filed in an Iowa district court which would have venue if the original action was being commenced in this state, shall be treated

> in the same manner as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the district court of this state and may be enforced or satisfied in like manner.

*Id.* § 626A.2; *see Eagle Leasing v. Amandus,* 476 N.W.2d 35, 38 (Iowa 1991). The Act preserves the optional method of enforcing a foreign creditor's judgment by bringing an action in the Iowa district court. Iowa Code § 626A.6.

■ Chapter 626A does not specifically provide contempt proceedings for enforcement of foreign judgments, and, in general, contempt is unavailable to enforce money judgments. *In re Marriage of Rathe,* 521 N.W.2d 748, 750 (Iowa 1994). Iowa Code section 598.23A(1), however, provides special contempt proceedings for support orders entered in dissolution of marriage decrees:

> If a person against whom an order or decree for support has been entered pursuant to this chapter or chapter 234, 252A, 252C, 600B, or any other support chapter, or a comparable chapter of a foreign jurisdiction, fails to make payments or provide medical support pursuant to that order or decree, the person may be cited and punished by the court for contempt under section 598.23 or this section.

Burke urges section 598.23A(1) grants the Iowa district court the authority to enforce by contempt the Arizona support order. She contends the language is clear and precise in referring to orders or decrees of support entered pursuant to comparable laws "of a foreign jurisdiction." *See In re Marriage of Caswell*, 480 N.W.2d 38, 40 (Iowa 1992) ("statute must be construed to give effect to its plain language").

Although we have not previously considered the authority of the district court to enforce by contempt the support provisions of a foreign dissolution of marriage decree, the court of appeals recognized the authority to enforce by contempt the custody provisions of a foreign divorce decree. *Ballanger v. Iowa Dist. Ct.*, 491 N.W.2d 179, 181 (Iowa App.1992). There is a split of authority as to whether a foreign decree for child support or alimony may be locally enforceable by equitable remedies, including contempt. 24 Am. Jur.2d *Divorce & Separation* § 1138 (1983); Annotation, *Decree for Alimony Rendered in Another State or Country (or domestic decree based thereon) as Subject to Enforcement by Equitable Remedies or by Contempt Proceedings*, 18 A.L.R. 862, § 2 (1951). The view that such foreign decrees may be enforced by equitable remedies and by contempt proceedings, the same as if it was a local court decree, has been increasingly gaining favor. Annotation, 18 A.L.R. 862, § 4.

■ Courts that enforce foreign decrees for support by equitable remedies and contempt proceedings do so for many reasons including public policy, constitutional, and statutory. There is a clear public policy that a parent should support his or her children. *See In re Marriage of De Nuys*, 543 N.W.2d 894, 897 (Iowa 1996) (court recognized a strong public policy in Iowa that parents have an obligation to support their children and that children have a right to receive support from their parents). This is a continuing obligation based on both a legal and moral duty. The urgency for effective enforcement of support orders is equally as great in one state as in another. Because a support decree is a continuing obligation, it may be treated differently than a judgment

for money. Some jurisdictions base their decision on the constitutional requirement of full faith and credit. U.S. Const. art. IV, § 1. Others rely upon state statutes. *See, e.g., Nehring v. Taylor*, 266 Ark. 253, 583 S.W.2d 56, 58 (1979) (once foreign divorce decree is properly registered pursuant to Arkansas statute, court had authority to enforce decree by contempt proceedings); *Gibson v. Bennett*, 561 So.2d 565, 568–70 (Fla. 1990) (Florida statute embodies "pre-existing public policy that equitable remedies, including contempt, are available to enforce a judgment for support arrearages," including foreign judgments); *Salmeri v. Salmeri*, 554 P.2d 1244, 1250 (Wyo.1976) (under Uniform Foreign Judgments Act, contempt is available to enforce foreign divorce decree containing alimony and support provisions).

In Iowa there is clear statutory authority for the district court to hear and determine contempt proceedings in the context of delinquent child support. Iowa Code § 598.23A. *See also Rathe*, 521 N.W.2d at 750. A properly authenticated foreign judgment has the same effect and is subject to the same procedures as an Iowa judgment and may be enforced or satisfied in like manner. Iowa Code § 626A.2. *See also Eagle Leasing*, 476 N.W.2d at 38. We conclude sections 598.23A and 626A.2 express a clear public policy to enforce foreign support orders by contempt proceedings.

Allowing the Iowa court to enforce by contempt a foreign support decree does not conflict with our holding in *Rathe*. In *Rathe* we recognized section 598.23A was a special statute giving the district court "authority to hear and determine contempt proceedings in the context of delinquent child support." *Rathe*, 521 N.W.2d at 750. We stated:

> It is not a separate cause of action, but a remedy specifically appended in order to enforce orders already entered. We do not think the legislature intended for bifurcation of disputes concerning support, modification, or other matters that may arise within a dissolution of marriage proceeding. We are convinced the legislature intended for these matters to be pursued only within the original proceeding.

*Id.* We held that a district court lacked authority to enforce by contempt a child support order entered in district court in another Iowa county. *Id.*

The filing of the Arizona decree in the Iowa district court that would have venue if the action were commenced in this state satisfies the venue requirement. The filing of the Arizona decree is the "original proceeding" in Iowa and the Iowa district court had jurisdiction and authority to enforce the decree by contempt proceedings.

**WRIT SUSTAINED; CASE REMANDED.**