Charles ROBBINS, Appellant,

v.

HERITAGE ACRES, and Kathleen Gansen, Lisa Nelson, Kim Reiners, Janet Blackledge, Cheryl Gardner, Marilyn Boone, Paula Herman, and Christy Meyer, Individually and in their respective capacities of Director, Social Worker, Day Charge Nurse, Night Charge Nurse, Director of Nursing, Certified Nursing Assistant, Licensed Practical Nurse, and Licensed Practical Nurse at Heritage Acres, Appellees.

Iowa Department of Inspections and Appeals, Defendant.

No. 97–0561.

Court of Appeals of Iowa.

March 27, 1998.

Kenneth F. Dolezal of Dolezal, Lindeman, Davison & Skelton, Cedar Rapids, for appellant.

Danielle M. Shelton and David L. Charles of Belin, Lamson, McCormick, Zumbach, Flynn, P.C., Des Moines, for appellees.

Heard by CADY, C.J., and HUITINK and MAHAN, JJ.

HUITINK, Judge.

### I. Background Facts and Proceedings.

Robbins sued Heritage Acres, the Department of Inspection and Appeals, and eight Heritage employees following administrative proceedings and judicial review affirming Robbins' involuntary discharge from Heritage. Paragraph 21 of Robbins' petition alleges the named Heritage employees' "testimony and notes outlining Robbins' allegedly inappropriate behavior have the appearance of a conspiracy to rid Heritage and themselves of a patient requiring more attention and work than they were willing to perform.". Robbins alleged the conspiracy resulting in his discharge from Heritage caused him "much undue stress [and] anxiety ... and financial losses."

Paragraph 24 of Robbins' petition states:

Defendant, Heritage was negligent in one or more of the following particulars:

a. In failing to provide ordinary care to Robbins;

b. In failing to administer proper medication;

c. In failing to appropriately supervise the facility;

d. In failing to investigate less evasive options to resolve the problems with Robbins;

e. In affirmatively acting to cause the unwanted removal of Robbins from the facility;

f. In negligently causing Robbins to be excluded from other facilities in Cedar Rapids or Linn County, Iowa;

g. In failing to abide by and act in accordance with the Iowa Code and the Iowa Administrative Code requirements.

Paragraph 26 of Robbins' petition alleges the negligence of Heritage and the Department "caused Robbins to suffer great emotional and financial anguish."

The last paragraph of Robbins' petition in which he recites the relief requested provides:

WHEREFORE, Plaintiff Charles E. Robbins respectfully requests that a judgment be entered against the Defendants

... in an amount sufficient to fully and fairly compensate Charles Robbins for all of his injuries, losses, and damages ... that Charles Robbins be immediately returned to the position of a resident of Heritage Acres and for such other and further relief as the Court deems just and equitable.

In their motion to dismiss Robbins' civil conspiracy claim, the Heritage employees asserted "the testimony and notes forming the basis of those claims are absolutely privileged." Heritage moved to dismiss Robbins' negligence claims citing the preclusive effect of collateral administrative proceedings and judicial review of Robbins' discharge from Heritage. The Department of Inspections and Appeals moved to dismiss Robbins' negligence claims for lack of subject matter jurisdiction and the absence of any statutory or other duty creating a private cause of action against the Department. After a hearing on the motion, the district court dismissed Robbins' claims, stating:

> The crux of the present action is whether Defendants were negligent in certain acts surrounding the discharge of Plaintiff from the nursing home and whether a conspiracy to get him discharged existed. The court finds the issues concerning the discharge of the plaintiff were adequately litigated and adjudicated in the previous lawsuit. Much testimony was given in the previous action regarding the situations surrounding Plaintiff's discharge.
>
> ...
>
> The Court finds that Petitioner's claims regarding his discharge at issue in the present case could and should have been litigated in the administrative proceeding. Therefore, the administrative decision and judicial review are final and the issues raised in the present case are barred by the doctrine of res judicata.

The employees' privilege argument was not addressed by the district court. On appeal Robbins contends the allegations made in his petition include a state of facts which entitle him to the relief. Robbins also argues the district court erroneously determined his conspiracy claims and negligence claims against Heritage and its employees were precluded by collateral administrative proceedings. Heritage and its employees argue Robbins has failed to state a claim upon which relief can be granted and in any event his claims are precluded by the adverse disposition of collateral administrative proceedings.

There are no issues raised concerning the propriety of the disposition of Robbins' claim against the Department of Inspections and appeals.

## II. Scope of Review.

■ We review a district court's ruling on a motion to dismiss for corrections of errors at law. *Estate of Dyer v. Krug,* 533 N.W.2d 221, 222 (Iowa 1995).

## III. Robbins' Failure to State a Claim Upon Which Relief Can Be Granted.

■ Failure to state a claim upon which any relief may be granted is appropriately raised by a motion to dismiss. Iowa R. Civ. P. 104(b). The disposition of a motion to dismiss must rest on legal grounds. *Id.* We will uphold the district court's ruling only if the plaintiff is unable to sustain his cause of action under any state of facts provable under the petition. *Magers–Fionof v. State,* 555 N.W.2d 672, 674 (Iowa 1996). The petition is assessed in the light most favorable to the plaintiffs, and all doubts and ambiguities are resolved in plaintiff's favor. *Below v. Skarr,* 569 N.W.2d 510, 511 (Iowa 1997). A motion to dismiss must stand or fall on the exclusive contents of the petition and cannot rely on facts not alleged in the petition or facts presented at an evidentiary hearing. *Id.; Riediger v. Marrland,* 253 N.W.2d 915, 916 (Iowa 1977).

Rule 69(a) requires a petition alleging a claim for relief to include only a short and plain statement of the claim. A pleading of facts is not required. *Dudley v. GMT Corp.,* 541 N.W.2d 259, 261 (Iowa App.1995). Our supreme court has stated:

> Since the advent of notice pleading under Iowa Rule of Civil Procedure 69(a), it is a rare case which will not survive a rule 104(b) motion. As a result, disposition of

unmeritorious claims in advance of trial must now ordinarily be accomplished by other pretrial procedures which permit narrowing of the issues and piercing of the bare allegations contained in the petition. *Haupt v. Miller*, 514 N.W.2d 905, 909 (Iowa 1994) (quoting *American National Bank v. Sivers*, 387 N.W.2d 138, 140 (Iowa 1986)).

■ A civil conspiracy requires proof of an agreement or understanding to effect a wrong against another. *Basic Chemicals, Inc. v. Benson*, 251 N.W.2d 220, 233 (Iowa 1977). A conspiracy is a combination of two or more persons to accomplish, through concerted effort, an unlawful end or a lawful end by unlawful means. *Countryman v. Mt. Pleasant Bank and Trust Co.*, 357 N.W.2d 599, 602 (Iowa 1984).

■ Robbins' conspiracy allegations include an agreement to withhold or deprive him of necessary medical or nursing home care. These allegations implicate Heritage's contractual duties to Robbins and the standards of professional care and conduct of the named employees. We cannot say Robbins is unable to sustain a civil conspiracy claim under any state of facts under the petition.

■ Robbins' negligence claim similarly implicates Heritage's duty of ordinary care owed to its patients. 40 Am.Jur.2d, *Hospitals and Asylums*, § 36 at 877 (1968). Robbins' allegations of substandard medical or nursing care also implicate Heritage's duty to exercise ordinary care to avoid causing its patients emotional harm. *Oswald v. LeGrand*, 453 N.W.2d 634, 639 (Iowa 1990) (citations omitted). Robbins' claims against Heritage sufficiently state a claim upon which relief can be granted.

### IV. *Res Judicata.*

■ Res judicata is an affirmative defense which should not be raised by a motion to dismiss unless the nature of the prior adjudication appears on the face of the petition or arises from matters of which the court may take judicial notice. *Johnson v. Ward*, 265 N.W.2d 746, 749 (Iowa 1978) (citing *Bickford v. American Interinsurance Exchange*, 224 N.W.2d 450, 453–54 (Iowa 1974)). The doctrine of res judicata includes both claim and issue preclusion. *Selchert v. State*, 420 N.W.2d 816, 818 (Iowa 1988). Claim preclusion is a bar to further litigation of a claim while issue preclusion is a bar to further litigation of a specific issue. *Harrison v. State Bank of Bussey*, 440 N.W.2d 398, 399 (Iowa App.1989). The parties seeking dismissal upon grounds of issue preclusion must establish: (1) the issue concluded must be identical; (2) the issue must have been raised in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action and must have been necessary and essential to the resulting judgment. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). The final decision of an administrative agency carries the same preclusive effect as any other judgment. *Toomer v. Iowa Dept. of Job Service*, 340 N.W.2d 594, 598 (Iowa 1983).

■ The collateral proceedings Heritage cites as preclusive concern Robbins' administrative appeal of his involuntary discharge from Heritage. Robbins' petition included allegations generally descriptive of the issues raised and resolved before the Iowa Department of Inspections and Appeals. In addition, the record before us includes copies of a notice of discharge Robbins received from Heritage, the decision of an administrative law judge, Robbins' petition for judicial review, the district court's decision affirming the administrative law judge, and notice of appeal of that decision to the Iowa Supreme Court.

As earlier noted, the scope of the district court's consideration in this case was limited to the contents of Robbins' petition and those matters of which judicial notice was properly taken. *Johnson v. Ward*, 265 N.W.2d at 749. Because the record is silent, we are unable to determine whether or to what extent the district court judicially noticed the content of any of the foregoing extra petition documents. We accordingly limit our appellate consideration to references made in Robbins' petition to collateral administrative proceedings.

Paragraphs 12 through 20 of Robbins' petition indicate Robbins was involuntarily discharged from Heritage because he was a

threat to the safety and welfare of other patients and himself. The petition also indicates Heritage's decision to discharge Robbins for the reason stated was affirmed by the Iowa Department of Inspections and Appeals and subsequent judicial review.

The confines of our consideration reveal no issues other than the legality of Robbins' involuntary discharge from Heritage that were raised, litigated, and finally resolved in any collateral proceedings. Because the issues of wrongful or negligent conduct by Heritage or its employees and resulting damages are not disclosed by the contents of the petition, the district court's determination that further litigation of these issues was precluded was unjustified. Without unduly extending this opinion, we hold that the preclusive effect of the collateral proceedings is limited to the issue of the legality of Robbins' involuntary discharge from Heritage because he presented a danger to others.

The judgment of the district court is affirmed to the extent it precludes further litigation of the legality of Robbins' discharge from Heritage. The judgment of the district court dismissing Robbins' civil conspiracy and negligence claims is reversed and this case is remanded for further proceedings.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**