# IN THE COURT OF APPEALS OF IOWA

No. 22-0504
Filed March 29, 2023

**KENNETH PETTY,**
        Plaintiff-Appellant,

**vs.**

**DREW HARRY KOURIS,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Jasper County, Thomas P. Murphy,
Judge.

Kenneth Petty appeals the dismissal of his civil action against his criminal
trial attorney. **AFFIRMED.**

Kenneth Petty, Newton, self-represented appellant.

Connie L. Diekema and Peter R. Lapointe of Finley Law Firm, P.C., Des
Moines, for appellee.

Considered by Bower, C.J., and Badding and Buller, JJ.

**BOWER, Chief Judge.**

Kenneth Petty filed a civil action for damages against his criminal trial attorney, Drew Kouris, pursuant to Iowa Code section 602.10113 (2021),[1] which the district court dismissed without prejudice. We affirm.

Petty filed a complaint in the Jasper County District Court,[2] asserting Kouris "was deceitful in collusion with the state prosecutor" in depositions taken for Petty's ongoing postconviction relief proceedings—in Pottawattamie County. Kouris filed a pre-answer motion to dismiss asserting, "[B]ecause [Petty] has not obtained any postconviction relief whatsoever, let alone postconviction relief based on a finding of ineffective assistance of counsel, his petition fails to state a claim upon which any relief may be granted and must be dismissed as a matter of law." In addition, Kouris asserted venue was improper in Jasper County and the proper venue is in Pottawattamie County.

The district court concluded Petty

> will be asking the court to determine what happened in the criminal cases so that the court can discern whether [Kouris] acted improperly in the postconviction relief case. If this case proceeds, the court in this case will be reviewing the "same factual and procedural issues" as the court in [the pending] postconviction relief case. That would violate the plain language of *Trobaugh*[3] and section 815.10(6).

---

[1] Section 602.10113 provides,

> An attorney and counselor who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge or a party to an action or proceeding, is liable to be disbarred, and shall forfeit to the injured party treble damages to be recovered in a civil action.

[2] In his affidavit, Petty stated he resides and sustained injury in Jasper County. It is clear from the filings Petty is an inmate at the Newton Correctional Facility in Jasper County; his pending postconviction action is in the district court in Pottawattamie County.

[3] *Trobaugh v. Sondag*, 668 N.W.2d 577, 583 (Iowa 2003) states:

> [W]e conclude that the approach that requires a defendant to achieve relief from a conviction before advancing a legal malpractice action

Noting that Iowa Code section 815.10(6) provides broader protection than *Trobaugh*, the court concluded Petty's petition failed to state a claim. But the court rejected Kouris's request to dismiss the case with prejudice "[b]ecause [Petty]'s case is not ripe until his postconviction relief case is finished." Consequently, the court dismissed *without prejudice.* The court also ruled, "Malpractice or not, this case is a personal action. [Petty] is not asserting physical injury or property damage. [Kouris] resides in Pottawattamie County. Therefore, Jasper County is an improper venue for this action."

On appeal, Petty asserts that because venue was improper, the court was without jurisdiction to make any findings or rulings on the merits of the case. He also asserts the court abused its discretion in making "incorrect presumptions" of his future actions. Finally, he asserts a claim brought under section 602.10113 is separate and distinct from a malpractice claim and can proceed at the same time as a postconviction relief action.

"We review a district court's ruling on a motion to dismiss for corrections of errors at law." *Robbins v. Heritage Acres*, 578 N.W.2d 262, 264 (Iowa Ct. App.

---

against his former attorney is superior in this particular area of the law. In reaching this conclusion, we are persuaded by the extensive, well-reasoned policy arguments underlying the relief-required approach. Most importantly, we believe this approach best preserves key principles of judicial economy and comity, including the avoidance of multiple proceedings related to the same factual and procedural issues, respect for other statutorily created processes such as postconviction relief, and the prevention of potentially wasteful practices such as requiring a plaintiff to file a legal malpractice claim which may never come to fruition due to one of a number of factors.

(Footnotes and internal citations omitted).

1998). "A motion to dismiss must stand or fall on the exclusive contents of the petition and cannot rely on facts not alleged in the petition or facts presented at an evidentiary hearing." *Id.* We consider the petition in the light most favorable to the plaintiff. *Id.*

Iowa Code section 602.6101 states:

> A unified trial court is established. This court is the "Iowa District Court". The district court has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some other court, tribunal, or administrative body. The district court has all the power usually possessed and exercised by trial courts of general jurisdiction, and is a court of record.

There is "nothing in this statute to indicate that Iowa's district courts hold less than statewide jurisdiction over all appropriate matters. Venue is a matter of proper situs, not jurisdiction." *In re Marriage of Rathe*, 521 N.W.2d 748, 749 (Iowa 1994). The district court had jurisdiction and authority to rule on the motion to dismiss.

Iowa Code section 815.10(6) provides,

> An attorney appointed under this section is not liable to a person represented by the attorney for damages as a result of a conviction in a criminal case unless the court determines in a postconviction proceeding or on direct appeal that the person's conviction resulted from ineffective assistance of counsel, and the ineffective assistance of counsel is the proximate cause of the damage.

*See Barker v. Capotosto*, 875 N.W.2d 157, 167–68 (Iowa 2016). "Thus, the legislature has established immunity for appointed counsel unless a postconviction court determines that the client's 'conviction resulted from ineffective assistance of counsel.'" *Id.* at 168; *accord Trobaugh*, 668 N.W.2d at 583 (noting a criminal

defendant must "achieve relief from a conviction before advancing a legal malpractice action against his former attorney").

Because Petty's fraud-and-collusion claim arises from Kouris's deposition in an ongoing postconviction case, Kouris is immune from liablity for damages unless and until the postconviction court determines Petty's conviction resulted from Kouris's ineffective assistance. *See* Iowa Code § 815.10(6). We find no error in the court's dismissal of Petty's claim without prejudice. We affirm.

**AFFIRMED.**